## SOUTHERN RAILWAY COMPANY v. ELLIS.

1. As set out in the petition for the writ of certiorari, the evidence in this case failed to prove the allegations of the statement of the cause of action attached to the summons. It neither identified the two shipments as being those referred to in the suit, nor did it show that the plaintiff paid to the defendant the amounts charged, nor that the payments were made under protest as alleged.

2. If a witness be allowed to give his testimony in the presence of a defendant or his counsel without objection, although not under oath, this would amount to a waiver of objection on the part of the defendant, and the omission of the administration of the oath would not furnish ground for a new trial. *Smith* v. *State*, 81 *Ga.* 480 (2); *Rhodes* v. *State*, 122 *Ga.* 568.

3. Where by inadvertence a witness was not sworn before giving testimony in regard to the case on trial, upon the discovery of such fact pending the trial there was no error in permitting him to be recalled to the stand and sworn and allowed to testify as a witness.

4. After being so recalled, if the witness were merely asked if what he had previously stated without being sworn was true, and answered that it was, in the absence of any objection this would furnish no ground for a reversal.

Submitted June 21, — Decided August 2, 1905.

Certiorari. Before Judge Parker. Appling superior court. October 11, 1904.

John Ellis Jr. brought two suits in a justice's court against the Southern Railway Company, seeking to recover in each of them on account of an alleged overcharge for freight. The summons in one of them alleged that on or about October 19, 1903, the defendant received from the Willingham Manufacturing Company, at Macon, Georgia, certain property to be delivered to the plaintiff at Baxley, Georgia; that it was so delivered, but that defendant required him to pay forty-four cents over and above the amount it was entitled to receive for transporting the property; and that he paid such amount under protest to get possession of his property. Also, that it required him to pay the sum of twenty-five cents in excess of what he should have paid on a certain bill of freight shipped "as aforesaid" on the 2d day of January, 1904, "for that said defendant received from its connecting line, to wit, the W. & A. Railway Co., who had received from the North Georgia Milling Co., a certain lot of flour from Dalton, Ga., which was delivered to plaintiff at Baxley, Ga., same being his property, except there was one sack of said flour, weighing 24 lbs., which was lost or not delivered by said defendant to plaintiff,

which was of the value of 60 cents, to the total damage of plaintiff in the sum of $1.29." The other suit was for $2.86. The summons alleged that on or about the 14th day of October, 1903, "Heckinger Bros. & Co. delivered to the Merchants and Marine S. Co., to be shipped via the Southern Railway Company to plaintiff at Baxley, Ga., a certain lot of furniture, and said defendant refused to deliver said furniture to the plaintiff until he paid them the sum of $2.86 over and above the correct amount to which they were entitled for transporting said furniture, which amount plaintiff paid under protest, to his injury and damage in the sum of $2.86." The two cases were consolidated and tried as one. A judgment was rendered against the defendant, and the case was appealed to a jury. At the trial the plaintiff was placed on the stand as a witness in his own behalf, but was not sworn. He stated that "a bill of furniture was shipped to him from Macon, Ga., and the defendant charged him for ninety pounds too much freight, which amounted to an excess of forty-four (44) cents freight according to what had been previously charged; that the defendant weighed the goods wrong and charged for ninety pounds more than they carried; that he weighed the goods on the defendant's scales and received all that he ordered; that a bill of furniture was shipped to him from Macon, Ga., and the defendant charged for one hundred and ninety pounds too much freight, which amounted to an excess of $2.86 freight according to what he had been previously charged; that the defendant weighed the goods wrong and charged for one hundred and ninety pounds more than they carried; that he weighed the goods on the defendant's scales, and received all that he ordered." After the argument began, counsel for the defendant made the point that the witness had not been sworn. Plaintiff's counsel thereupon recalled him to the stand over objection on the part of the defendant, administered the usual oath to him, and then asked him if what he had previously stated was true, to which the plaintiff responded in the affirmative; and the case was again closed. The jury found for the plaintiff $3.11. The defendant applied to the judge of the superior court for a writ of certiorari, which was refused, and the defendant excepted.

*DeLacy & Bishop,* for plaintiff in error.

Lumpkin, J. (After stating the foregoing facts.) These combined cases involve between three and four dollars in money, and three or four points of law. The latter are sufficiently disposed of in the headnotes.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*