### 24209. FRANCES WOOD WILSON FOUNDATION, INC. v. BELL, Solicitor General, et al.

FRANKUM, Justice. Frances Wood Wilson Foundation, Inc., filed suit in the Superior Court of Rockdale County, naming therein as defendants Richard Bell in his capacity as Solicitor General of the Stone Mountain Judicial Circuit and Bobby Brisendine in his capacity as Commissioner of Rockdale County. Petitioner alleged that it operates a home located in Rockdale County, which is a "child-caring institution" as defined by *Code Ann.* § 99-203 (s) (Ga. L. 1963, pp. 81, 83) and as such is also a "child welfare agency" as defined by Par. (s) of the same Code section. Plaintiff alleged that an actual controversy existed between it and the defendants as to the constitutionality of a local Act approved March 6, 1962 (Ga. L. 1962, p. 3170 et seq.) applicable to Rockdale County, forbidding the placement in any private institution located in Rockdale County of any minor from a county or jurisdiction other than Rockdale County unless the written consent of the Judge of the Juvenile Court of Rockdale County shall have been first obtained. Petitioner alleged that it acquired the home in question on August 10, 1966, and has been operating the same under a temporary license issued from the "Division for Children and Youth" on June 11, 1966, which agency is the "exclusive State agency" for "licensing and supervising private and local child-caring agencies and institutions; care of homeless, dependent, neglected, and delinquent children in foster family homes or in institutions. . ." Petitioner alleged that the local Act above referred to is in conflict with the general law under which it was licensed to do business in that it purports to impose different and additional requirements for admission of children from outside Rockdale County to petitioner's home from those provided in the Children and Youth Act and the rules promulgated pursuant thereto, which provisions the petitioner contends are exclusive. For this reason and also for a number of other reasons set forth in the petition, petitioner contends

that the aforesaid local Act is unconstitutional, and believing this to be so, petitioner has therefore not been complying with the provisions of the said Act in admitting children from outside Rockdale County to the home. However "none of [petitioner's] said agents has yet been prosecuted for non-compliance, but defendants will not advise petitioner or said agents whether they intend to institute prosecutions for violations of Act 970. Petitioner believes, however, that prosecutions will be instituted if any child admitted to the home in violation of Act 970 causes trouble in the community." Petitioner prayed that the court declare the rights and duties of the petitioner in the controversy stated in the petition and that it specifically declare Act 970 to be unconstitutional; that the defendants be temporarily restrained and enjoined pending the termination of the issues raised in the petition from prosecuting petitioner, its officers and agents, for failure to comply with the provisions of Act 970 in the acceptance of children in its home in Rockdale County; and that the defendants and their respective successors in office be permanently enjoined from enforcing the provisions of Act 970 and that the petitioners have such other and further relief as may be just and equitable in the premises.

1. Conceding, but not deciding, that petitioner has named proper parties defendant against whom it might, in an appropriate action, have relief (see, however, *Butler v. Ellis*, 203 Ga. 683, 684 (47 SE2d 861)), the petition failed to set forth a cause of action for any of the relief prayed for. It is well settled in this state that the courts will not determine the mere abstract constitutionality of a law, and that in the absence of a showing by the petitioner that the enforcement of the alleged unconstitutional Act has been undertaken, or is about to be undertaken against it and that it is in imminent danger of losing some valuable and irrecoverable property right as a result of a threatened prosecution thereunder a petitioner has no standing to come into court and have the court declare a statute unconstitutional. If he is not within the class of those persons whose rights are adversely affected by the statute, or if he has suffered no harm or stands to suffer no harm by the mere presence of the statute upon the books, he has no standing to attack its validity. Certainly until plaintiff can show either that the statute in question has been invoked against it, or that there is a direct threat by the authorities

to invoke it, it has no standing to come into court and have the court declare the statute invalid. *Reid v. Mayor &c. of Eatonton,* 80 Ga. 755 (1); *Plumb v. Christie,* 108 Ga. 686 (2) (30 SE 759, 42 LRA 181); *Hazelton v. City of Atlanta,* 147 Ga. 207 (4) (93 SE 202); *Witherow v. Board of Drainage Commrs.,* 155 Ga. 476 (4) (117 SE 329); *Baugh v. City of LaGrange,* 161 Ga. 80, 83 (6) (130 SE 69); *Whittle v. Jones,* 198 Ga. 538, 544 (4) (32 SE2d 94); *Barrett v. Barrett,* 215 Ga. 697, 698 (113 SE2d 118).

2. The foregoing ruling substantially disposes of plaintiff's prayer for declaratory relief also, since the only basis upon which plaintiff contends it is entitled to have its rights declared is upon its contention that the statute is unconstitutional. This likewise disposes of all of the other relief sought in the petition since the only basis under the petition upon which the court could restrain or enjoin the prosecution of the plaintiff if that power existed under the facts alleged (a matter which we deem it unnecessary to decide here) would depend upon an adjudication that the Act is in fact unconstitutional.

3. Since the plaintiff was not entitled to any of the substantial relief prayed for in the petition, the judge of the superior court did not err in sustaining the general demurrer and in dismissing it.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1967—DECIDED SEPTEMBER 21, 1967.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, George B. Haley, Jr., G. Kimbrough Taylor, Jr.,* for appellant.

*Richard Bell, Solicitor General, Alfred L. Evans, Jr., Assistant Attorney General, Vaughn & Barksdale, C. R. Vaughn, Jr., Spearman, Bynum & Goodwin, Joe H. Bynum, Jr.,* for appellees.

