## 26751.   HATTON v. SMITH.

MOBLEY, Presiding Justice. This is a habeas corpus case brought by Frank Hatton, who was indicted, tried, and convicted of rape in Fulton Superior Court, sentenced to 20 years, and is now serving in the State Penitentiary at Reidsville. The appeal is from the judgment finding that his constitutional rights had not been violated.

1. Enumerated error 1 alleges that the appellant was denied adequate counsel in the trial of his case in violation of the Sixth Amendment to the United States Constitution. This contention is wholly without merit. The record shows that E. A. Deal, an attorney of the Atlanta Bar, was appointed by the court to represent the appellant in the trial of his case, that this attorney has practiced law since his admission to the Bar in June, 1965, and that prior to May, 1969, three-fourths of his practice was in criminal law. A reading of the transcript of the evidence in the trial of the case shows that he is a very capable trial lawyer in criminal cases, and that he very ably represented the appellant in the trial of the case and in the preparation thereof for trial.

2. Enumerated error 2 alleges that the court erred in finding that the striking of all available Negroes from the jury list by the district attorney was not harmful, did not

show prejudice against the appellant, and was not a violation of his constitutional rights. Obviously it was not error for the district attorney to strike any juror put upon him, white or black. He had the strikes given him by statute, which he was authorized to use as he saw fit. No violation of the appellant's constitutional rights, nor any prejudice against him, was shown.

3. Enumerated error 3 alleges that the court denied the appellant due process of law in that he, a layman unskilled in the science of law, and a person with very little schooling, was forced to plead his own case without benefit of counsel. It is well settled by decisions of this court that the constitutional right of counsel does not apply in a habeas corpus proceeding, which is not a criminal prosecution, and the Sixth Amendment to the United States Constitution (*Code* § 1-806), and Art. I, Sec. I, Par. V of the Constitution of Georgia (*Code Ann.* § 2-105), providing that in all criminal prosecutions the accused shall have the privilege and benefit of counsel, have no application in this case. See *Croker v. Smith,* 225 Ga. 529 (1) (169 SE2d 787); *Cash v. Smith,* 226 Ga. 318 (3) (175 SE2d 10).

*Judgment affirmed. All the Justices concur.*
Submitted October 12, 1971—Decided November 18, 1971.

Frank Hatton, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General,* for appellee.