## 27321. HOBBS v. THE STATE.

HAWES, Justice. The appellant was convicted of rape and sentenced to life imprisonment. He appealed, enumerating as error the overruling by the trial court of his motion challenging the constitutionality of *Code Ann.* § 26-1302 and the overruling of his motion for a new trial.

1. With respect to the first ground of enumerated error, appellant contends that the imposition of a sentence of death under the circumstances of this case is a violation of his constitutional rights. However, as stated above, appellant was not sentenced to death and therefore has no standing to challenge in this appeal the statute imposing the death penalty. A party who is not within the class of those persons whose rights are adversely affected by a statute or who has suffered no harm or stands to suffer no harm by the mere presence of the statute upon the books, and a person against whom the statute in question has not been invoked has no standing to come into court and ask that the statute be declared invalid. *McIntyre v. State,* 190 Ga. 872 (5c) (11 SE2d 5, 134 ALR 813); *Kryder v. State,* 212 Ga. 272, 274 (91 SE2d 612);

*Frances Wood Wilson Foundation v. Bell,* 223 Ga. 588 (1) (157 SE2d 287) and cits. It follows that the first ground of enumerated error presents nothing for decision by this court.

2. *Code Ann.* § 27-2511 provides in part that, "If any person who has been convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted." It has been held that where the State intends to rely upon this provision of the law it is essential that the fact of prior convictions be alleged in the indictment. *Tribble v. State,* 168 Ga. 699 (3) (148 SE 593); *Kryder v. State,* supra. Appellant was previously tried under an indictment which charged him with the commission of the crime of rape, but which did not allege the commission by him of any previous crimes so as to bring the prosecution within the foregoing Code section. That trial resulted in a mistrial on account of the inability of the jury to agree on a verdict. Thereafter the State obtained a new indictment which alleged the previous conviction of the accused of a felony so as to bring the case within that provision of the law. Appellant moved to quash the second indictment and to dismiss it. Those motions were overruled, and those rulings were excepted to in two grounds of appellant's motion for a new trial. "In the case of *Irwin v. State,* 117 Ga. 706, it is held that, 'in a criminal proceeding, the pendency of a former indictment for the same offense is no ground for a plea in abatement or in bar, although the accused may have been arraigned thereon and have filed a plea.' It is also ruled in that case that, 'where several indictments for the same offense are pending against the same person, it is immaterial upon which he is first tried.' The rulings quoted virtually control the case at bar." *Pride v. State,* 125 Ga. 750, 751 (54 SE 688). Appellant contends that,

notwithstanding the foregoing authorities, his re-trial under the new indictment after the jury, in the first trial under the original indictment, had been unable to agree on a verdict and a mistrial had been declared amounts to penalizing him in violation of the principles enunciated by the Supreme Court of the United States in North Carolina v. Pearce, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) and similar cases, since under the new indictment and the law applicable thereto it was mandatory that the maximum sentence for the offense with which he was charged be imposed upon him, a mandate which was not imposed on the jury in the first trial. North Carolina v. Pearce and other holdings of Federal and State courts to a like effect arose out of instances where an accused was tried on a charge which embodied a lesser included offense of which the accused was convicted. In each of such cases the accused sought and was granted a new trial, and upon re-trial was convicted of the offense charged in the indictment and had imposed upon him a harsher sentence than was imposed upon him on the first trial. The decision in each of those cases was based upon the theory that the conviction of the accused on the first trial of the lesser included offense was tantamount to his acquittal of the greater charge and that under the principles forbidding the imposition of double jeopardy the accused could not again be placed on trial for the greater offense. However, the authorities are clear that where the grant of a mistrial results from the inability of the jury to agree on a verdict which makes the discharge of the jury necessary and the completion of the trial impossible, a second trial for the same offense or for an offense growing out of the same acts is not barred and does not violate the guaranty against double jeopardy. Wade v. Hunter, 336 U. S. 684 (69 SC 834, 93 LE 974); Dortch v. United States (C.A. Ky.) 203 F2d 709 (cert. den. 346 U. S. 814 (74 SC 25, 98 LE 342)); Gilmore v. United States (C.A. Tex.) 264 F2d 44 (cert. den. 359 U. S. 994 (79 SC 1126, 3 LE2d 982)). Following these authorities,

we hold that there is no merit in the contention of the appellant that the trial court erred in overruling his motion to quash the second indictment on the ground that the procurement of the same by the State violated his constitutional rights after a mistrial had been declared on the trial under the first indictment. It also follows that his motion to dismiss the second indictment on the same grounds was not meritorious.

3. Appellant contends that the court erred in admitting the former indictment in evidence because there was no showing by the State that the person whose name appeared on the former bill of indictment and the appellant were one and the same. Ordinarily, concordance of name alone is some evidence of identity. *Code* § 38-304. The former indictment and record of conviction introduced was from Charlton County and bore the name, "Willie Hobbs," as the person charged therein and showed that the said Willie Hobbs had been sentenced on October 4, 1966, to serve three years on a plea of guilty to a charge of rape. The indictment shows on its face that the defendant therein waived formal arraignment, a copy of the bill of indictment, and a list of witnesses and that such waiver was signed by someone as "defendant's attorney." Defendant did not deny in his statement that he was the same Willie Hobbs shown on that indictment. The court charged the jury that the burden was on the State to prove the truth of all of the allegations in the indictment on which the defendant was on trial including the allegations respecting the former indictment and conviction. Under these circumstances, the admission of the former indictment and record of conviction was not error. *Williams v. State,* 62 Ga. App. 679 (3) (9 SE2d 697); *Enzor v. State,* 63 Ga. App. 79 (2) (10 SE2d 213); *Foster v. State,* 70 Ga. App. 305 (3) (28 SE2d 81); *Collier v. State,* 72 Ga. App. 96 (1) (33 SE2d 45).

4. The trial court did not err in permitting the State to reopen its case for the purpose of introducing the exhibit referred to in the preceding division. The only objection

by counsel for the defendant was, "Your Honor, we would object to the State's re-opening the case." And, "Will the record show that we strenuously object to the State re-opening for that purpose?"

5. Under the principles announced in the first headnote, no harmful error is shown by the fact that the State was permitted to excuse jurors who expressed reservations as to the imposition of the death penalty, since the death penalty was not imposed in this case.

6. Appellant contends that the State, in exercising its peremptory challenges of the jurors systematically struck from the panel black men and that this constituted a violation of his constitutional rights. *Code* § 59-805 allows the defendant the privilege of peremptorily challenging 20 of the jurors empaneled to try him and allows the State to peremptorily challenge one-half of that number. A peremptory challenge is an arbitrary or capricious species of challenge to a certain number of jurors allowed to the parties without the necessity of their showing any cause therefor. In the very nature of such a challenge no reason need be shown or assigned for the exercise of the right. There is no merit in this contention. *Watkins v. State,* 199 Ga. 81, 94 (33 SE2d 325); *Hatton v. Smith,* 228 Ga. 378 (2) (185 SE2d 388).

7. Appellant contends that the trial court erred in overruling his motion for a directed verdict of acquittal on the ground that the State had failed to carry its burden ·of proof, there being, as he contends, no evidence corroborating testimony of the prosecutrix. In his statement to the jury, the accused admitted having had sexual relations with the prosecutrix, contending that he did so upon her solicitation and with her consent. This contention and the general grounds of the motion for a new trial will be considered together. At the time this case was tried, March 26, 1970, there was no statutory authority for the direction of a verdict in a criminal case. *Allen v. State,* 228 Ga. 859 (188 SE2d 793). However, the evidence as to the physical condition of the prosecutrix

on the morning after the night on which the attack occurred, the bruises, scratches, abrasions about her face, neck and other parts of her body, and the fact that the truck which belonged to her husband and in which defendant forced her to drive him to the scene of the attack, was found stuck in a field where, as testified to by the prosecutrix, it had been driven by the accused, together with the other physical evidence at the scene of the attack, was sufficient corroboration of the testimony of the prosecuting witness. The evidence was amply sufficient to support the verdict of guilty.

*Judgment affirmed. All the Justices concur.*
Submitted July 10, 1972—Decided October 5, 1972—
Rehearing denied October 23, 1972.

*Thomas M. Jackson, John H. Ruffin, Jr.,* for appellant.
*Ben Miller, Jr., District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Daniel I. MacIntyre,* for appellee.