## 30395. JORDAN v. THE STATE.

UNDERCOFLER, Presiding Justice.

Calvin Jordan was convicted of armed robbery and

sentenced to serve twenty years imprisonment. He was also convicted of aggravated assault and sentenced to serve ten years concurrently with the armed robbery sentence. He appeals to this court.

The evidence shows that Mrs. Barbara Kimbro parked her car in a lighted shopping center in Muscogee County about 6:45 p. m. on December 20, 1974. She had two 9-year-old girls with her and was walking in front of them into the shopping center when she was accosted by the appellant, a 16-year-old black male, who pointed a pistol at her and demanded her pocketbook. The pocketbook was hanging by a strap on her shoulder. She refused to surrender it. The appellant seized it and in the ensuing struggle, the pistol went off causing powder burns on her face. The struggle continued, the strap of the pocketbook broke and the appellant ran away with it. She screamed for help and pursued him. As she ran after him, she saw a young white man joining the chase. The appellant fired at him. He continued to chase the appellant until he grabbed his shoulder. The appellant shot him and escaped. The appellant's brother was apprehended running a short distance away from the scene of the crime. He was released later when he was not identified as the robber.

The pocketbook was found on December 27, 1974, in the backyard of the house next door to the appellant's home. The appellant testified that on the day of the crimes he had injured his ankle playing basketball at school and that he was elsewhere at the time of the crimes. *Held:*

1. The appellant contends that he was denied due process of law under the State and Federal Constitutions because the district attorney peremptorily struck nine black persons who were on the traverse jury panel.

"A peremptory challenge is an arbitrary or capricious species of challenge to a certain number of jurors allowed to the parties without the necessity of their showing any cause therefor. In the very nature of such a challenge no reason need be shown or assigned for the exercise of the right." *Hobbs v. State,* 229 Ga. 556 (6) (192 SE2d 903) (1972).

"The presumption in any particular case must be

that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes. Any other result, we think, would establish a rule wholly at odds with the peremptory challenge system as we know it." Swain v. Alabama, 380 U. S. 202, 222 (85 SC 824, 13 LE2d 759).

It follows that there is no merit in the contention that the appellant was denied due process of law by the peremptory striking of all black potential traverse jurors. *Hatton v. Smith,* 228 Ga. 378 (185 SE2d 388) (1971); *Hobbs v. State,* 229 Ga. 556 (6), supra (1972); *McCrary v. State,* 229 Ga. 733 (7) (194 SE2d 480) (1972); *Jackson v. Hopper,* 232 Ga. 419 (5) (207 SE2d 58) (1974).

2. In his opening statement to the jury the district attorney stated that "the finger of accusation is beginning to point to this defendant." At a hearing outside the presence of the jury the appellant contended that this statement inferred that information was given to the police officers on the night of the offense that the appellant was the guilty party when the police officers had no such information that night. The district attorney told the trial court that he did not intend such a conclusion but meant that the evidence developed during the investigation indicated that the appellant was responsible and if he was misunderstood he would ask to be admonished and was willing to explain the situation to the jury. Counsel for the appellant stated that this would only emphasize the "error" and he did not believe it could be corrected. The trial court then overruled the motion for mistrial.

In *Pinion v. State,* 225 Ga. 36 (5) (165 SE2d 708) (1969) this court said: "Since the prosecution in its opening statement is permitted to state what it intends to prove and subsequently presented evidence to prove same, the statements of counsel did not require a reprimand or mistrial."

The motion for mistrial made by the appellant was properly overruled.

3. Code Ann. § 59-718.1 provides: "At any time during the trial of a civil or criminal case, either before or during jury deliberation, the judge may, in his discretion, allow the jury to . be separated and the members thereof dispersed under appropriate instructions, except in capital cases." Ga. L. 1972, p. 622.

In this case the district attorney did not seek the death penalty. Since the district attorney did not seek the death penalty in this case, the trial court had a discretion "under the terms of Code Ann. § 59-718.1, supra, since a proper construction of such Act removes the discretion of the trial court only where a death sentence may be imposed in the case, although such crime is a capital felony and the conviction is reviewable by this court." *Brinks v. State,* 232 Ga. 13 (7) (205 SE2d 247) (1974).

It follows that the trial court did not err in dispersing the jury without the appellant's consent.

4. One of the detectives testified that after the appellant and his guardian had been advised of his constitutional rights and stated they understood them, the appellant freely and voluntarily stated to his guardian whom he called Papa, "Papa, don't let them lock me up, they picked Robert up, they didn't put him in jail and Robert was down there with me."

During the trial of the case there was evidence that two black males were seen looking into some cars immediately prior to the armed robbery and aggravated assault, that they separated and immediately thereafter the armed robbery and aggravated assault occurred, that on hearing the shots an officer apprehended the brother of the defendant running a short distance away and returned him to the scene where the victim stated that he was not the offender. When this evidence was introduced, the appellant objected on the ground that it was not relevant and material.

There is no merit in this contention. "[A]ny fact is relevant which, when taken alone or in connection with another fact already in evidence, would warrant the jury in drawing a logical inference with reference to the issue on trial." *Stone v. State,* 118 Ga. 705 (7) (45 SE 630) (1903).

The appellant also objected to the evidence which identified the second male as his brother as hearsay.

Error, if any, was harmless. The appellant stated that his brother was with him.

5. The appellant contends that the trial court erred in allowing the prosecution to use two rebuttal witnesses whose names did not appear on the original list of witnesses provided to him.

The record shows that the appellant testified that on the day of the crimes he was limping because he had injured his ankle during a basketball game at school and that he was not at the shopping center at the time of the crimes.

In rebuttal the state introduced the school basketball coach who testified that the appellant did not report to him that he had been injured playing basketball that day. The state also introduced two police officers who testified positively that the appellant was at the shopping center about 6:20 p. m. on the evening of the crimes.

Code Ann. § 27-1403 (Ga. L. 1966, pp. 430, 431), provides in part: "Without the consent of the defendant, no witness shall be permitted to testify for the State whose name does not appear upon the list of witnesses as furnished to the defendant unless the solicitor or prosecuting attorney shall state in his place that the evidence sought to be presented is newly-discovered evidence which the State was not aware of at the time of its furnishing the defendant with a list of the witnesses."

The state's attorney stated that at the time the list of witnesses was furnished he did not know that the defense would be alibi, did not know that the appellant would contend that he was injured during an organized physical education class, and therefore, the evidence was newly discovered.

The trial court did not err in allowing this rebuttal evidence. *Yeomans v. State,* 229 Ga. 488 (2) (192 SE2d 362) (1972); *Young v. State,* 232 Ga. 285, 288 (206 SE2d 439) (1974); *Vinson v. State,* 127 Ga. App. 607 (194 SE2d 583) (1972).

6. The appellant contends that his motion for mistrial should have been granted because the trial court erred in allowing the armed robbery victim to testify in rebuttal of his alibi since she had already testified that

he was the robber. Although the victim was not in the courtroom during the alibi testimony, the prosecuting attorney told her that evidence had been introduced by the defendant and others that he was not present at the time of the crimes. The prosecuting attorney then asked her if she was still positive that the appellant was the man who had robbed her. She testified affirmatively.

There is no merit in this contention. "The mere repetition on rebuttal of what the witness said in chief . . . is not prejudicial." 23 CJS 1219, § 1050.

7. The appellant contends that his motion for mistrial should have been granted because one of the jurors had failed to respond to the voir dire question about whether she was acquainted with one of the detectives who testified in the case. He asserts she had a conversation with the detective during a recess in the trial.

The record shows that after the verdict was returned the appellant was informed that the juror had spoken to the detective during a recess in the trial. The juror then testified that she "recognized the name [of the detective] but knew that I wouldn't know him," and that she had been friends with his mother twenty years previously. The evidence also shows that the jurors stated she recognized the witness in the hallway and he recognized her. He came up to her and spoke with her. The record shows that the detective is 31 years of age and that the juror would have known his mother when he was 11 years of age. The trial court held that the juror did not recognize the detective until they spoke and it overruled the motion for mistrial.

The appellant's contention is without merit. The trial court's finding was supported by the evidence.

8. The trial court charged the jury on alibi as follows: "The defendant contends that he was not present at the scene of the offenses, this is called a defense of alibi. I charge you that alibi involves the impossibility of the accused's presence at the scene of the offense at the time of its commission. Any evidence whatsoever of alibi is to be considered on the general case with the rest of the testimony and if a reasonable doubt of guilt be raised by the evidence as a whole, the evidence must be resolved in favor of innocence."

This charge is substantially the same charge as approved by this court in *Paschal v. State,* 230 Ga. 859 (2) (199 SE2d 803) (1973) and *Payne v. State,* 233 Ga. 294 (7) (210 SE2d 775) (1974).

The appellant contends that the charge on alibi is error because the court omitted any reference to "the state's burden of proof and the relationship of the defense to the elements of the crime charged in effect denies the accused," any legal benefit from the defense.

There is no merit in this contention. The trial court charged the jury that the state had the burden of proving the appellant guilty beyond a reasonable doubt. The charge did not deny any legal benefit of the defense.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only and Gunter, J., who dissents.*

ARGUED OCTOBER 7, 1975 — DECIDED NOVEMBER 24, 1975 — REHEARING DENIED DECEMBER 15, 1975.

*Martin, Kilpatrick & Davidson, Paul Kilpatrick, Jr.,* for appellant.

*E. Mullins Whisnant, District Attorney, Douglas Pullen, Assistant District Attorney, Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr., Staff Assistant Attorney General,* for appellee.