## 52616. BROWN v. THE STATE.

Bell, Chief Judge.

The defendant appeals from his conviction for selling heroin. *Held:*

1. A policeman testified on direct examination that

he purchased two bags of heroin from defendant. On redirect, the officer, over objection, identified state's Exhibit 1, two glassine bags containing a white substance, as the ones he obtained from defendant. The objection was that this was new evidence and cannot be introduced on redirect examination. This clearly was not new evidence. But, in any event, the order of presentation of evidence is a matter that rests within the trial court's discretion which will not be controlled unless abused. *Williams v. State,* 123 Ga. 138 (51 SE 322). There was no abuse here.

2. State's Exhibit 1 was identified and shown to contain heroin and a complete chain of custody was also shown. This physical evidence, however, was not offered and admitted into evidence and given to the jury. The state is not required to introduce the physical evidence itself. *Davis v. State,* 135 Ga. App. 203, 205 (217 SE2d 343). The positive testimony of the state's witnesses that defendant sold two bags of heroin was sufficient to authorize the conviction.

3. The court charged the jury: "If, considering any testimony on the subject of alibi alone or along with all the other evidence in the case, you should entertain a reasonable doubt as to the guilt of the Defendant, it is your duty to give the Defendant the benefit of that doubt and acquit. The law is, as I have previously stated, that in order to convict you must believe the Defendant guilty beyond a reasonable doubt."

This charge is a correct one and does not shift any burden of proof to defendant.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

Submitted September 21, 1976 — Decided October 26, 1976.

*Leiden & Butler, Terrence P. Leiden,* for appellant.
*Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellee.