## 56979. JOSEPH v. THE STATE.

BANKE, Judge.

The defendant was convicted of abandonment of an illegitimate child. His defense was lack of paternity. *Held:*

1. The contention that the court erred in allowing the state to exhibit the child to the jury is without merit. See *Sims v. State,* 16 Ga. App. 211 (2) (84 SE 976) (1915); *Hunt v. State,* 101 Ga. App. 126 (1) (112 SE2d 817) (1960). The defendant's reliance upon *McCalman v. State,* 121 Ga. 491 (49 SE 609) (1904) is misplaced. There, the testimony of a *witness* that the child resembled the defendant was proscribed, not a physical presentment.

2. Error is urged in the overruling of the defendant's motion for a directed verdict, which was based on the state's failure to administer the oath to witnesses in the precise terms set forth in Code Ann. § 38-1702. However, the defendant failed to make a timely objection to the alleged error, waiting instead until the state had rested its case. By this tactic he waived the objection and cannot now complain on appeal. *Southern R. Co. v. Ellis,* 123 Ga. 614 (2) (51 SE 594) (1905). See also *Swain v. State,* 162 Ga. 777 (6) (135 SE 187) (1926).

3. The defendant's attack on the constitutionality of Code Ann. § 27-2201, regarding the right to opening and concluding argument, was considered and decided adversely to him in *Yeomans v. State,* 229 Ga. 488 (192 SE2d 362) (1972).

4. The defendant complains of the court's failure to give a requested charge relating to the adverse presumption that arises from a party's failure to present

available evidence. The essence of the request was to charge the provisions of Code § 38-119. However, the provisions of that Code section are not applicable in a criminal case. *Lyle v. State,* 131 Ga. App. 8, 10 (4) (205 SE2d 126) (1974). The enumeration is without merit.

5. The defendant enumerates as error the admission of certain evidence tending to show a common-law marriage with the prosecutrix, as well as the trial court's refusal to grant his requests to charge certain principles of law relating to the formation and dissolution of common-law marriages.

The issue of whether or not a common-law marriage existed was irrelevant to the case. Although the indictment charged abandonment of an "illegitimate" minor child, the crime of abandonment does not depend on whether the child is legitimate or illegitimate. See Code Ann. § 74-9902. The indictment specifically set forth the child's name and age, and the defendant was thus fully informed of the charge against him and fully protected from subsequent prosecution for the same offense. See generally *DePalma v. State,* 225 Ga. 465 (169 SE2d 801) (1969); *Dobbs v. State,* 235 Ga. 800 (3) (221 SE2d 576) (1976). The characterization of the child as illegitimate must be regarded as mere surplusage which the state had no obligation to prove. See *Corson v. State,* 144 Ga. App. 559, 561 (2) (241 SE2d 454) (1978). Thus, it was not error to refuse the requested charges.

The evidence complained of—that the parties lived together, used the same name, and had a joint checking account—was relevant since it showed that the parties were cohabiting during the period when the child was conceived and thus tended to establish that the defendant was the father. Accordingly, it was not error to admit it.

*Judgment affirmed. Webb, P. J., and Birdsong, J., concur.*

ARGUED JANUARY 3, 1979 — DECIDED FEBRUARY 13, 1979 — REHEARING DENIED MARCH 13, 1979 — 

*A. Harris Adams,* for appellant.
*Herbert A. Rivers, Solicitor, Stephen Steele,*

*Assistant Solicitor, Ray B. Gary, Jr.,* for appellee.

