## 58184. PIPPIN v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of a violation of the Georgia Controlled Substances Act. Appellant, who is black, enumerates four errors, in each of which he attacks as unconstitutional the use by the state of five of its ten peremptory challenges to strike prospective black jurors.

1. Notwithstanding appellant's invocation of the provisions of the Constitution of the United States and of this state, jurisdiction is properly in this court. This appeal does not require construction of provisions of the federal and state constitutions but rather raises an issue which can be resolved by the application of plain and unambiguous provisions of the constitutions. His challenges thus do not confer exclusive jurisdiction upon the Supreme Court. *Ramirez v. State,* 223 Ga. 815 (158 SE2d 238) (1967). The question presented ". . . can be decided by the Court of Appeals by the mere application of unquestioned and unambiguous provisions of the Constitution. . ." to the facts shown by the record. *Phillips v. State,* 229 Ga. 313 (191 SE2d 61) (1972). See also *Allen v. State,* 219 Ga. 777 (135 SE2d 885) (1964).

2. Such application by this court in the case at bar so as to find meritless appellant's arguments is mandated by decisions of the Supreme Court of Georgia involving the same factual situation. "Appellant contends that the State, in exercising its peremptory challenges of the jurors systematically struck from the panel black men and that this constituted a violation of his constitutional rights. Code § 59-805 allows the defendant the privilege of peremptorily challenging 20 of the jurors empaneled to try him and allows the State to peremptorily challenge one-half of that number. A peremptory challenge is an arbitrary or capricious species of challenge to a certain number of jurors allowed to the parties without the necessity of their showing any cause therefore. In the very nature of such a challenge no reason need be shown or assigned for the exercise of the right. There is no merit in this contention. *Watkins v. State,* 199 Ga. 81, 94 (33 SE2d 325); *Hatton v. Smith,* 228 Ga. 378 (2) (185 SE2d 388)."

*Hobbs v. State,* 229 Ga. 556, 560 (192 SE2d 903) (1972). It is clear that the state's exercise of the peremptory challenge procedure in this state constitutes no reversible error. *McCrary v. State,* 229 Ga. 733, 736 (194 SE2d 480) (1972); *Jordan v. State,* 235 Ga. 732 (1) (222 SE2d 23) (1975); *Murray v. State,* 237 Ga. 366 (227 SE2d 361) (1976); Swain v. Alabama, 380 U. S. 202 (85 SC 824, 13 LE2d 759) (1965).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED JULY 3, 1979 — DECIDED
SEPTEMBER 5, 1979.

*Joseph W. Segraves,* for appellant.
*V. D. Stockton, District Attorney,* for appellee.