61586. CRAWFORD v. THE STATE.

POPE, Judge.

William Tyrone Crawford was convicted of pimping. As his sole basis for reversal of his conviction, appellant enumerates as error the trial court's denial of his motion for a continuance after the selection of the jury on the basis that the prosecution used all of its peremptory challenges to systematically exclude every black juror on the jury list who was "within striking distance" of those challenges.

The transcript in this case indicates that the prosecution used all of its peremptory challenges in removing five of the six black veniremen empaneled for this case. Appellant argued at trial that this was "a prima facie showing of systematic exclusion of black jurors from jury duty in this case." We disagree.

" 'A peremptory challenge is an arbitrary or capricious species of challenge to a certain number of jurors allowed to the parties without

the necessity of their showing any cause therefor. In the very nature of such a challenge no reason need be shown or assigned for the exercise of the right.' *Hobbs v. State,* 229 Ga. 556 (6) (192 SE2d 903) (1972).

" 'The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes. Any other result, we think, would establish a rule wholly at odds with the peremptory challenge system as we know it.' Swain v. Alabama, 380 U. S. 202, 222 (85 SC 824, 13 LE2d 759) [(1965)].

"It follows that there is no merit in the contention that the appellant was denied due process of law by the peremptory striking of [almost] all black potential traverse jurors." *Jordan v. State,* 235 Ga. 732, 733 (222 SE2d 23) (1975).

In his brief on appeal appellant contends additionally that the conduct of the prosecution in this case transcends any single case and relates to an entire class of cases involving "interracial parties and/or witnesses in the litigation." Appellant asserts that "in case after case" the prosecution has systematically removed potential black jurors from the venire by use of its peremptory challenges. However, there is nothing in the record which shows that this broader issue was presented to the lower court for resolution. Accordingly, we will not consider this issue nor will we consider appellant's request to remand this case to the lower court for a hearing thereon. *Sanders v. State,* 134 Ga. App. 825 (1) (216 SE2d 371) (1975). In any event, the record before us "does not with any acceptable degree of clarity, show when, how often, and under what circumstances the prosecutor alone has been responsible for striking those Negroes who have appeared on petit jury panels in [Muscogee] County. The record is absolutely silent as to those instances in which the prosecution participated in striking Negroes, except for the indication that the prosecutor struck the Negroes in this case . . ." Swain v. Alabama, supra at 224; *Brookins v. State,* 221 Ga. 181 (1) (144 SE2d 83) (1965). See *Ricks v. State,* 221 Ga. 837 (2) (147 SE2d 431) (1966); *Allen v. State,* 110 Ga. App. 56 (137 SE2d 711) (1964).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 30, 1981 —
REHEARING DENIED JULY 14, 1981

*Frank K. Martin,* for appellant.
*Robert Johnston, Solicitor,* for appellee.