### 37634. BLACKWELL v. THE STATE.

MARSHALL, Justice.

Freddie Leon Blackwell appeals from his conviction of felony murder and his life sentence.

1. The appellant first contends that the trial court deprived him of trial by a representative cross-section of the community by permitting the state to exercise 10 of its 11 peremptory strikes used to obtain an all white jury.

"The constitutionality of the Georgia statute authorizing peremptory jury challenges has not been attacked. Code § 59-805. So long as the statute is valid the district attorney may use such challenges in his discretion. 'In the very nature of such a challenge no reason need be shown or assigned for the exercise of the right.' *Hobbs v. State,* 229 Ga. 556 (6) (192 SE2d 903) (1972); *Jordan v. State,* 235 Ga. 732 (1) (222 SE2d 23) (1976)." *Willis v. State,* 243 Ga. 185 (2) (253 SE2d 70) (1979). In *Jordan v. State,* 247 Ga. 328 (7) (276 SE2d 224) (1981), we followed Swain v. Alabama, 380 U. S. 202 (85 SC 824, 13 LE2d 759) (1965), in holding that the peremptory striking of all black prospective jurors in a case is not per se a denial of equal protection, and that the presumption protecting the prosecutor "may well be overcome" by proof of systematic exclusion of black jurors by use of peremptory challenges by the district attorney resulting in no Negroes ever serving on petit juries in that circuit.

Here, as in *Jordan,* supra, the defendant has failed to prove systematic exclusion of black jurors by use of peremptory challenges by the District Attorney of the Northern Judicial Circuit. Although the appellant cites us to several state court decisions which have attempted to set up criteria for proof of denial of equal protection which are less burdensome than that indicated in Swain v. Alabama, supra, we feel compelled to follow the criteria announced by the United States Supreme Court.

We find no merit in this enumeration of error.

2. The appellant contends that his warrantless arrest was illegal because there was no probable cause to support it, and that his subsequent confession should have been excluded from the jury's consideration on the basis that it was the product of an illegal arrest. See Brown v. Illinois, 422 U. S. 590 (95 SC 2254, 45 LE2d 416) (1975);

Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441) (1963).

At the time of the appellant's arrest, investigators had determined that he was at the scene of the murder-robbery at the time of the occurrence, and the appellant had been untruthful in his prior interview with police when he denied being present with his accomplice, Pete Bell. Further, he had misstated the time of his visit to the scene of the crimes (the Majik Mart). He also stated that both he and his accomplice had been driven to the Majik Mart by one Bobby Rucker, whereas he had previously stated that he was alone with Rucker in the car. Further, investigators were aware at the time of the appellant's arrest that "the word was out on the street" that they had picked up the appellant's accomplice, Bell, and feared that the appellant might flee if he learned of Bell's arrest. Also, Bell had acknowledged that the appellant had been with him, contradicting the appellant's statement in his prior interview, that he had been alone.

The appellant's arrest falls within the purview of Code Ann. § 27-207, which authorizes a warrantless arrest of one when it appears that there is likely to be a failure of justice. The police at the time of the arrest, had probable cause to arrest the appellant. Due to Bell's acknowledgment of the appellant's presence with him on the night of the murder, along with Rucker's statement that he had driven the appellant and Bell to the Majik Mart, and the appellant's previous interview, the investigators had reasonably believable information to conclude that the appellant was involved in the murder.

"Whether [an] arrest [is] constitutionally valid depends . . . upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio, 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142) (1964); Brinegar v. United States, 338 U. S. 160 (69 SC 1302, 93 LE 1879) (1949); Henry v. United States, 361 U. S. 98 (80 SC 168, 4 LE2d 134) (1959).

We conclude that the record clearly establishes that police officers had probable cause to arrest the appellant, and that due to exigent circumstances there was a likelihood that there would have been a failure of justice had the police delayed in making the arrest of the appellant. The appellant's subsequent confession was admissible, and it was not error for the trial court to so rule.

*Judgment affirmed. Jordan, C. J., Hill, P. J., Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 9, 1981.

*Franklin, Axam & Ashburne, Tony L. Axam,* for appellant.
*J. Cleve Miller, District Attorney, Lindsey A. Tise, Assistant District Attorney, Arthur K. Bolton, Attorney General, Charles E. Brown, Assistant Attorney General,* for appellee.