## 62278. TILLER v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his conviction of two counts of armed robbery and one count of rape. *Held:*

1. The trial court did not err in quashing defendant's subpoena which requested psychiatric "documents pertaining [to the rape victim] . . . and any and all notes, records, prescriptions; and other data, materials etc. in reference to [her] consultations or stays" at a designated hospital.

Defendant's counsel stated: "I'm aware of the psychiatrist-patient privilege, but I think the rights of my client to confront witnesses against him and examine the prosecuting witnesses are outside the psychiatrist-patient privilege and therefore, we move the Court to require the hospital to produce those

medical records." The only authority cited by the defendant was Davis v. Alaska, 415 U. S. 308 (94 SC 1105, 39 LE2d 347) which dealt with the trial court preventing the defendant's counsel from cross-examining the state's principal witness about his juvenile record. The Supreme Court reversed the conviction, holding the criminal defendant's right to confrontation was superior to the State policy of protection of juvenile offenders. In essence, the right infringed was the right to a thorough and searching cross-examination in which counsel "sought to show the existence of possible bias and prejudice of the witness . . ." Id. at 317. We find Davis v. Alaska, supra, inapposite.

There is a statutory psychiatrist-patient privilege (Code Ann. § 38-418 (a) (5) (Ga. L. 1959, p. 190; 1978, p. 1657)) and the record does not reflect the rape victim waived her statutory privilege. See *Kimble v. Kimble,* 240 Ga. 100 (1) (239 SE2d 676). Confrontation of a witness was not involved. The psychiatrist was not a witness and the victim was subject to unrestricted cross-examination. The privilege applied. This enumeration is without merit.

2. The second enumeration alleges the trial court erred "in permitting the systematic exclusion of blacks in the jury selection." It is evident from the record that the state exercised its peremptory challenges in the instant case to strike potential black traverse jurors and the defendant used his peremptory strikes to eliminate "all the attractive young women . . ." from the jury. It is not error in any one particular case to use peremptory strikes to eliminate all blacks from a traverse jury. *Taylor v. State,* 243 Ga. 222 (253 SE2d 191); *High v. State,* 247 Ga. 289 (1) (276 SE2d 5). This same contention was rejected in Swain v. Alabama, 380 U. S. 202, 221 (85 SC 824, 13 LE2d 759); see *Jordan v. State,* 247 Ga. 328 (7) (276 SE2d 224). We find no error.

3. The trial court's refusal to give defendant's requested charge No. 11 is enumerated as error. The judge denied the request on the basis that it "is not applicable in a criminal case . . ." The request dealt with the failure of a party to call a witness may give rise to an inference that his testimony would be unfavorable to that party — unless the witness was equally available to both parties or the testimony would be cumulative. Secondly, that the defendant does not have the burden or duty of calling any witness or producing any evidence. Counsel cited "Ga. Code 38-119" as authority for the charge.

Code Ann. § 38-119 (Code § 38-119) deals with the presumption arising from a party's failure to produce evidence to rebut a claim or charge against him but "omits to produce it . . ." This court has repeatedly held that Code Ann. § 38-119 "is not applicable in the trial

of a criminal case" and it would be error to give it in a charge. *Perryman v. State,* 139 Ga. App. 655 (229 SE2d 131); *Joseph v. State,* 149 Ga. App. 296 (4) (254 SE2d 383); *Brown v. State,* 150 Ga. App. 831 (2) (258 SE2d 641); *Sokolic v. State,* 228 Ga. 788, 790 (187 SE2d 822). This enumeration is meritless.

4. The last enumerated claim of error objects to "mug shots of defendant to be taken out and viewed during jury deliberations." We assume the objection is directed to State Exhibit 2, composed of 10 photographs shown to the rape victim and her husband. Defendant states in his brief that on each photograph is "a little piece of white paper stapled over them and there is concern the jury or some juror might want to look under the piece and see what it is. It's a sign that says City of Atlanta Police Department."

The Supreme Court and this Court have both held that use of a "mug shot" of the defendant in a lineup and its exhibition to the jury is not reversible error. *Jenkins v. State,* 146 Ga. App. 458, 460 (246 SE2d 466); Accord: *Atcheson v. State,* 136 Ga. App. 152, 154 (220 SE2d 483); *Tanner v. State,* 228 Ga. 829, 832 (188 SE2d 512); *Creamer v. State,* 229 Ga. 704, 708 (194 SE2d 73); *Lee v. State,* 237 Ga. 179 (2) (227 SE2d 62); *Knight v. State,* 243 Ga. 770, 775 (3) (257 SE2d 182).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 14, 1981.

*A. L. Stanfield,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.