69224. DRUMMOND et al. v. THE STATE.
(326 SE2d 787)

BIRDSONG, Presiding Judge.

Larry Bernard Drummond and Horace Nelson Watson were convicted of the armed robbery of a Taco Bell restaurant. Two witnesses, employees of the restaurant, identified both appellants at trial, after testifying that they had ample opportunity to observe the robbers during the crime.

1. The trial court did not err in permitting the in-court identification of one of the witnesses based upon a one-on-one post indictment show-up planned by the prosecution. The trial court correctly found there was no suggestive one-on-one identification. See *McClesky v. State*, 245 Ga. 108, 110 (263 SE2d 146). Moreover, the identification at trial was of independent origin, based upon the witness' view of the robbers during the crime. *McCoy v. State*, 161 Ga. App. 97, 99 (289 SE2d 301); *Price v. State*, 159 Ga. App. 662 (284 SE2d 676); *Foster v.*

*State*, 156 Ga. App. 672 (275 SE2d 745). Finally, the second witness who had not seen the appellants in a one-on-one pretrial confrontation clearly identified appellants as the robbers, so that the verdict is sustained according to the standard of reasonable doubt. *Turner v. State*, 151 Ga. App. 169, 170 (259 SE2d 171).

2. Appellants contend that because the State was unable to produce photographs from a photographic lineup identified by the witnesses, the trial court should have charged on request: "if a party has evidence in his power and within his reach by which he may repel a claim or charge against him but omits to produce it, or if he has more certain and satisfactory evidence in his power but relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim against him is well founded; but this presumption may be rebutted." See OCGA § 24-4-22. However, for very valid and appropriate reasons, this principle is not applicable in criminal cases. If this principle were to be applied to criminal appellants, it could place a burden upon the defendants in a criminal case to prove their innocence by best evidence. See *Tiller v. State*, 159 Ga. App. 557, 558 (284 SE2d 63). Moreover, appellants' counsel thoroughly cross-examined the witness who conducted the lineup to determine its validity and to attack the State's failure to produce the photographs.

3. The trial court did not err in refusing to charge: "You, the jury, are the sole judges of the law and the facts of this case." See Ga. Constitution, Art. 1, Sec. 1, Par. 11. The jury was properly charged. See *Harris v. State*, 190 Ga. 258, 260-263 (9 SE2d 183).

*Judgment affirmed. Carley, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED JANUARY 24, 1985.

*Martin L. Cowen III*, for appellants.
*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney*, for appellee.