## 70984. PATTERSON v. THE STATE.
### (338 SE2d 283)

SOGNIER, Judge.

Patterson appeals his conviction of violation of the Georgia Controlled Substances Act by selling marijuana. In his sole enumeration of error he contends the trial court erred by denying his motion for a new trial based on the systematic exclusion of blacks from the petit jury through discriminatory use of peremptory challenges by the State. Appellant contends that such action denied him his constitutional right to a fair trial and due process of law. Appellant argues that he met the standard of proof to show the systematic exclusion of blacks from petit juries set forth in *Swain v. Alabama*, 380 U. S. 202 (85 SC 824, 13 LE2d 759). We do not agree.

In *Swain* the Supreme Court of the United States held that in order to establish a constitutional denial of due process and the right

to a fair trial through the discriminatory use of peremptory challenges, there must be proof of the systematic exclusion of blacks by the use of peremptory challenges in *all* cases, not just in the one case under consideration. Our appellate courts have adopted this standard of proof. *Jordan v. State*, 247 Ga. 328, 341 (7) (276 SE2d 224) (1981); *Avery v. State*, 174 Ga. App. 116 (1) (329 SE2d 276) (1985).

In the instant case appellant has not shown the systematic exclusion of blacks from petit juries in Thomas County by the prosecutor's allegedly discriminatory use of peremptory challenges. The parties stipulated that the list of qualified jurors in Thomas County is composed of approximately 68% whites, 31% blacks and the remainder in the "other" category. The parties also stipulated to the jury composition in ten cases covering a time period from June 1984 through March 1985. In those ten cases, relied on by appellant to show a systematic exclusion of blacks from petit juries, all of the juries were composed of at least 25% black jurors with the exception of one jury which had only one black juror. The State used all of its peremptory challenges in only four of the ten cases, and there were no cases involving all-white juries. Thus, appellant has not met the standard of proof set forth in *Swain*, supra, and the trial court did not err by denying his motion for a new trial.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 7, 1985.

*Joseph T. McGraw, Harry Jay Altman II*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.