## 23341. RICKS v. THE STATE.

CANDLER, Presiding Justice. An accusation charging Willie Ricks with a misdemeanor was filed in the City Court of Colquitt County on May 1, 1965, alleging that he did on February 13, 1965, maliciously and designedly rip, pull and tear from the wall of the Colquitt County courthouse a water fountain, thereby injuring and damaging the same. When his case was called for trial at the May 1965 term, he timely challenged the array of traverse jurors put upon him. His challenge attacks the validity of Code § 59-106 which provides that jury commissioners shall select from the books of the tax receiver upright and intelligent citizens to serve as jurors and Code § 92-6307 which requires that the names of white and Negro taxpayers be in separate places in the tax digest. He alleges that these sections, when taken together, offend the equal protection and due process provisions of the Fourteenth Amendment to the Constitution of the United States. He also alleges that these two sections as they were being applied to him violate rights guaranteed him by the Fourteenth Amendment. The judge ruled that he would hear evidence only as to the composition of the traverse jury lists. On the hearing and after considering the evidence introduced in support thereof, the judge overruled the challenge. The case then proceeded to trial and the jury returned a verdict convicting him of the offense charged. In due time, he gave notice of an appeal to this court. Held:
1. Adhering to and for the reasons stated in the unanimous decisions of this court in Davis v. Arthur, 139 Ga. 74 (76 SE 676), and Brookins v. State, 221 Ga. 181, 189 (144 SE2d

83), we hold that the attack made on the validity of *Code* §§ 59-106 and 92-6307 is without merit.

2. The contention that rights guaranteed to the defendant by the Fourteenth Amendment to the Constitution of the United States (*Code* § 1-815) were being violated by the application of *Code* §§ 59-106 and 92-6307 to him is likewise without merit. To prove this ground of his challenge, the defendant introduced as witnesses 5 of the 6 jury commissioners of Colquitt County who testified that the jury lists had been revised by them in the manner and way provided by law; that no person was included or excluded from the jury lists when they were last revised in 1963 because of his color or race; that a sufficient number of those—both white and colored—who were found to be upright and intelligent citizens were placed on the traverse jury lists; and that Negroes had served on juries in the courts of Colquitt County for the past few years. There was no evidence contradictory of this but the evidence does show that two Negroes were members of the challenged venire. From this evidence it cannot be held that the trial judge erred in overruling the defendant's challenge. But it is contended that the composition of the jury lists was improper because the word "colored" as abbreviated by the letters "col." was written opposite the name of each Negro juror on the jury lists and for that reason his challenge should be sustained. To this we do not agree. No evidence was offered showing or tending to show that the slips bearing the names of Negro jurors which were placed in the jury box were, as to color or otherwise, different in any respect from those of the white jurors which were likewise placed in the jury box. For a case dealing with a similar challenge, see *Vanleeward v. State*, 220 Ga. 135 (2), 138 (137 SE2d 452); and compare Avery v. Georgia, 345 U.S. 559 (73 SC 891, 97 LE 1244) where the slips placed in the jury box were as to race of different colors. The burden of proof was on the defendant to make out a prima facie case of invidious discrimination under the Fourteenth Amendment. Swain v. Alabama, 380 U.S. 202 (85 SC 824, 13 LE2d 759), decided in March 1965. In the instant case the defendant has failed to carry this burden.

3. The verdict is amply supported by evidence. Hence, the general grounds of the motion are not meritorious.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 14, 1966—DECIDED FEBRUARY 23, 1966—
REHEARING DENIED MARCH 10, 1966.

*C. B. King,* for appellant.
*Billy Fallin,* for appellee.