## 23342. KITCHENS v. THE STATE.

CANDLER, Presiding Justice. On May 3, 1965, an accusation was filed in the City Court of Colquitt County against Herman Kitchens charging him with misdemeanor. It alleges and charges that he did on February 4, 1965, "unlawfully remain and refuse to leave the premises of William Bryant High School, a part of the Public Education System of the City of Moultrie, Georgia, after having been requested to so leave by the principal of the school, R. T. Daniels, the person in charge of the premises." On the call of his case for trial at the May 1965 term of the court, he challenged the array of traverse jurors put upon him. His challenge and proof thereof are identically the same as in *Ricks v. State*, 221 Ga. 836 (147 SE2d 431). His challenge was overruled and he was then tried and convicted of the offense charged. On being denied a new trial, he filed notice of appeal to this court. *Held:*

1. As to the judgment overruling the defendant's challenge to the array of traverse jurors which is here assigned as error, the decision rendered by this court in *Ricks v. State* is controlling and must be followed. Hence, there is no merit in the contention that the court erred in overruling his challenge.

2. The defendant assigns error on the judgment denying him a new trial. He contends that the verdict convicting him of the offense charged is contrary to law and contrary to evidence and without evidence to support it.

(a) The accusation charges him with violating Section 1 of an Act approved February 18, 1960 (Ga. L. 1960, p. 142; *Code Ann.* § 26-3005) which provides: "It shall be unlawful for any person, who is on the premises of another, to refuse and fail to leave said premises when requested to do so by the owner or any person in charge of said premises or the agent or employee of such owner or such person in charge. Any person

violating the provisions of this section shall be guilty of a misdemeanor. . ." This Act creates a separate and different penal offense from those defined and prescribed by *Code Ann.* § 26-3002 (codified and taken from Ga. L. 1882-83, p. 121, and Ga. L. 1959, p. 173) which makes it a misdemeanor for any person to wilfully enter, go upon, or pass over the land of another, after being personally forbidden so to do by the owner or person entitled to the possession thereof; and *Code Ann.* § 26-3004 (taken from Ga. L. 1956, p. 9) which makes it a misdemeanor for a person to enter for any purpose upon property owned, leased, or otherwise under the care, custody, control, supervision or operation of the State or any of its agencies, where such property has been closed to the public by the Governor or other specified officials or agents. The "premises of another" as these words are employed and used in the 1960 Act are broad enough to include and embrace property owned by and used for public school purposes by a city or a county. As to the defendant, the record shows that premises of the William Bryant High School in the City of Moultrie, Ga., are the "premises of another" which he was by *Code Ann.* § 26-3005 required to leave when requested to do so by the principal of that school. This being true, it cannot be said that the verdict convicting the defendant of the offense charged is contrary to law.

(b) The evidence shows without dispute that the defendant, together with another, went to the premises—the campus and building—of the William Bryant High School in Moultrie, Ga., while such school was in session and during class hours; that disorder erupted while he was there; that he had no connection whatsoever with such school; that he was requested by the principal who was in charge of such school to leave; and that he refused to do so. Hence, there is no merit in the contention that the verdict against the defendant is contrary to evidence and without evidence to support it.

*Judgment affirmed. All the Justices concur.*