## 23502. O'BRYANT v. THE STATE.

CANDLER, Presiding Justice. Willie J. O'Bryant was indicted in Burke County on May 10, 1965, for robbery by use of an offensive weapon. He filed a plea in abatement alleging that the indictment was void for several reasons. Such plea was heard and denied on each of its grounds. He was convicted of the offense charged and sentenced to serve a prison term of 4 years. He timely moved for a new trial on the usual general grounds and later amended his motion by adding several other grounds. His amended motion for new trial was overruled on March 7, 1966, and he filed an appeal to this court on April 6, 1966. The denial of his plea in abatement and the overruling of his amended motion for new trial are enumerated as error. *Held:*

1. The plea in abatement attacked the validity of the indictment on the ground that the grand jury which indicted the accused for this offense (robbery by use of an offensive weapon) also indicted him for the offense of assault with intent to murder the person alleged to have been robbed and that only one oath was administered to the witness O. B. Price on whose testimony the two indictments were found. Respecting this, Honorable George Hains, the solicitor general who presented this case to the grand jury, testified: "I can answer [your question] this way. I gave him one oath in the case of the State against this man for robbery with an offensive weapon. That includes this charge of assault with intent to murder. That's what was done." Since the

evidence unquestionably shows that the solicitor general administered an oath to the witness on whose testimony the indictment for robbery by use of an offensive weapon was obtained, the one on which he was being tried, the attack here made on it is without merit. The validity of the indictment charging the accused with assault with intent to murder is a question not presently before us.

2. The plea in abatement or motion to quash the indictment alleges that *Code* § 59-106 which provides that jury commissioners shall select from the books of the tax receiver upright and intelligent citizens as jurors and *Code* § 92-6307 which requires a separate listing of white and colored taxpayers on the tax digest offend, for stated reasons, the due process and equal protection provisions of the Fourteenth Amendment to the Constitution of the United States. The attacks here made on the validity of those Code sections were likewise made in *Brookins v. State,* 221 Ga. 181 (144 SE2d 83); and *Ricks v. State,* 221 Ga. 837 (147 SE2d 431), and following the decisions in those cases, we hold that the trial judge did not err, as appellant contends, in refusing to quash the indictment on these constitutional attacks.

3. The accused challenged the array of traverse jurors put upon him on the ground that the jury commissioners had arbitrarily and systematically excluded Negroes from the jury lists of Burke County. From the evidence introduced on the hearing of this challenge, the trial judge found and held that the jury commissioners in revising and making up the jury lists from which these traverse jurors were selected had performed their duty faithfully and diligently; that they had exerted every effort to follow the law and be fair to all without regard to race or color; that they, in making such revision, considered all prospective jurors without regard to race or creed; and that there was no evidence introduced showing any arbitrary exclusion from the jury lists of any eligible Negro. From our examination of the record touching this point, we think the court's finding was authorized by the evidence. Hence, the challenge the accused made to the array of the traverse jurors put upon him was properly overruled.

4. Over an objection by defense counsel that it was irrelevant, immaterial, prejudicial and of no probative value, the court allowed O. B. Price, a witness for the State and the person

alleged to have been robbed, to testify that nine holes were made in his head during the course of the robbery and that it took 103 stitches to sew up the wounds he received from blows inflicted upon him while being robbed by the accused. The overruling of this objection was not erroneous. The evidence was clearly admissible for the purpose of showing that the robbery was accomplished by use of an offensive weapon.

5. Appellant contends that his constitutional right to a fair and impartial trial was violated because Deputy Sheriff W. J. Blackston, a witness for the State, was permitted to mingle, escort, direct and communicate with the jury which tried him. This contention is wholly without merit. There is no evidence in the record which supports or even tends to support this contention or that Blackston committed any other act which would deprive the defendant of a fair trial.

6. After the jury had considered the case for some time, the judge at 5:55 p.m. had them brought back to the courtroom. He asked the foreman if they had reached a verdict and the foreman replied that they had not. He then asked the foreman if he thought a few more hours deliberation "might bring it around." The foreman replied: "It might help, sir." The judge then directed the sheriff to take the jury to dinner at 6:30 and then bring them back and let them deliberate until 11 p.m. and he would at that time come back and see if they had reached a verdict. Appellant contends that these comments had a coercive effect on the jury which violated his right to a fair trial. This contention is obviously without merit. In this connection, see *Jones v. State*, 209 Ga. 685 (1) (75 SE2d 429).

7. During his argument to the jury, the solicitor general made several statements which counsel for the accused objected to on the ground that they were prejudicial and not authorized by the evidence. However, the statements complained about, except the solicitor general's reference to the accused as "a thug," are not set out in the objections made thereto either literally or in substance. The solicitor general's reference to the accused as being "a thug" was an inference which we think he was authorized to make from the evidence. When each of the other objections was made, the trial judge, as the record shows, instructed the solicitor general to confine his argument to the evidence and to reasonable inferences and deductions therefrom. The denial of a motion for mistrial

which counsel for the accused made because of such statements by the solicitor general in his argument to the jury is not shown by the record to be erroneous.

8. The verdict was amply supported by evidence and for that reason the general grounds of the motion are without merit.

9. There are other enumerated errors which we have not specifically dealt with but they have been examined and considered and it is sufficient to say that none of them show reversible error.

*Judgments affirmed. All the Justices concur.*

ARGUED JUNE 13, 1966—DECIDED JUNE 23, 1966—
REHEARING DENIED JULY 7, 1966.

*John H. Ruffin, Jr.,* for appellant.

*George Hains, Solicitor General, Arthur K. Bolton, Attorney General, Carter A. Setliff, Assistant Attorney General,* for appellee.