## 68423. McFADDEN v. THE STATE.

DEEN, Presiding Judge.

The appellant, Charles McFadden, was tried and convicted of aggravated assault, for which he was sentenced to 6 years imprisonment, followed by 4 years probation.

During the early evening of April 14, 1983, in the vicinity of the Five Star Grocery and Liquor Store, McFadden shot James Paulk 4 times with a .32 caliber pistol. Paulk's injuries, fortunately, were not serious. According to Paulk and another State witness, Johnny Wilson, McFadden accosted Paulk, without provocation, and shot him. Paulk had attempted to shield himself by grabbing and holding Wilson in front of himself, but Paulk had still been struck by 4 bullets. (Wilson escaped unharmed.) After the shooting, McFadden departed, and Paulk walked across the street and persuaded another person to take him to the hospital. Paulk denied having a gun with him at the time, and Wilson corroborated that testimony.

McFadden and one defense witness, however, claimed that Paulk, who was alone, had approached him, had called him a name which denoted sexual intimacy with one's mother, and had drawn a pistol. Although Paulk failed to discharge a single shot, McFadden had felt it necessary to shoot Paulk so many times in defense of himself and the others standing around. He intended to shoot only Paulk's hand which held the gun; bullets struck Paulk's left leg (twice), as well as his right arm and his left buttock, but Paulk's gun hand was spared. When the investigating officers arrived at the scene soon afterwards, no one in the throng remembered anything about the incident.

McFadden explained that at the time of the shooting, he was

genuinely fearful for his life because of previous experiences where Paulk had drawn a gun on him and because of Paulk's general reputation in the community of drawing his pistol and on occasion actually shooting it. Four witnesses testified that Paulk had a reputation in the community of pulling his gun on people; two of those witnesses specifically stated that Paulk had drawn his gun on them, and the other two indicated generally that their knowledge about Paulk's reputation was based in part on their own experiences with him. The trial court would not allow any elaboration of the testimony of these witnesses about their individual experiences with Paulk. McFadden claimed that he had also been aware of these witnesses' experiences with Paulk.

On appeal, McFadden contends that the trial court erred in allowing testimony about the circumstances of his arrest, and in excluding the proffered testimony about specific incidents where the victim, Paulk, had pulled a gun on third parties. *Held*:

1. The arresting officer was allowed to testify that when he first approached McFadden and asked him to identify himself, McFadden had given his name as Charles Reddish. We reject McFadden's contention that this testimony impermissibly placed his character into evidence as it was evidence of other criminal activity (giving a false name). Testimony about the circumstances of an accused's arrest is admissible even though it may incidentally show the commission of another crime. *Humphries v. State*, 154 Ga. App. 596 (269 SE2d 90) (1980); *Cleveland v. State*, 155 Ga. App. 267 (270 SE2d 687) (1980).

2. McFadden acknowledges that the trial court did allow him to present evidence of the victim's prior acts of violence against McFadden and of the victim's general reputation for pulling guns on people, but he contends that the trial court erred in excluding evidence of prior specific acts of violence by the victim *against third parties*. We find this enumeration also to be without merit.

Initially, we note that for all practical purposes, McFadden actually did adduce the very testimony which he claims was excluded by the trial court. Four witnesses did testify that Paulk had previously pulled a gun on them, and McFadden emphasized that at the time he shot Paulk he had known of these previous assaults. The trial court, however, disallowed any elaboration on this testimony.

While the victim's general character for similar violent acts was properly at issue, evidence of prior specific acts of violence by the victim against third parties is not admissible proof of such. *Music v. State*, 244 Ga. 832 (262 SE2d 128) (1979); see also, *Henderson v. State*, 234 Ga. 827 (218 SE2d 612) (1975). The trial court, accordingly, properly disallowed any elaboration on the testimony about the specific acts in this case.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JUNE 15, 1984 —
REHEARING DENIED JULY 2, 1984 — 

*James D. Clark*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney*, for appellee.