71030. PRICE v. THE STATE.
(340 SE2d 280)

</div>

DEEN, Presiding Judge.

The appellant, Douglas Price, was indicted and tried for the offense of aggravated assault on a police officer. The jury returned a verdict of guilty of only a lesser charge of pointing a pistol at another person, from which this appeal follows.

On May 11, 1984, a Gwinnett County police officer was dispatched to the appellant's house on a drunk/domestic disturbance call. According to the police officer, upon his arrival the appellant's wife explained that her husband was drunk and would not move his truck out of the way so that she could leave. The appellant appeared at a screen door and yelled profanely. As the police officer attempted to discuss the matter with the wife, the appellant grew increasingly belligerent. The officer instructed him to stay quietly in the house, but the appellant remained obstreperous and profane, and the officer finally decided to arrest the appellant for public drunkenness. As he reached to take hold of the appellant's arm, the appellant struck the officer in the face; the officer responded in kind, and the appellant fell to the ground. At this point, the appellant's two children interceded by positioning themselves between the officer and the appellant. The appellant then pulled out a nickel-plated derringer pistol and pointed it at the officer's face, and threatened to blow his head off. The officer left the premises at the appellant's demand, and backed his patrol car into the road. After he called in for back-up units, he noticed that the appellant had armed himself with a rifle.

The other units soon arrived, and another police officer negotiated with the appellant, who had stationed himself in the house by the door, armed with the rifle and a bottle of whiskey. Eventually, this officer succeeded in getting the appellant to open the door to look at the officer's identification card, at which time he stormed inside and tackled the appellant. The derringer was not on the appellant, and the arresting officers did not take time to search for it, because the appellant's family became hostile following the arrest.

The appellant, his wife, and his son recollected the incident differently. According to their version, the appellant, although drunken, had never pointed a gun at anyone. Further, they maintained that the arresting officers beat the appellant without provocation and then hauled him off to jail. *Held*:

1. The appellant's contention that the evidence was insufficient to support the conviction is patently without merit. The evidence was sufficient to convince any rational trier of fact beyond a reasonable doubt that the appellant was guilty of pointing a gun at another person. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant also contends that the trial court erred in denying his motion for mistrial made on the basis that the state had improperly placed the appellant's character in issue. During the state's direct examination of the police officer who had negotiated with the appellant at the door, the officer volunteered that the appellant had told him that "he was a habitual violator and couldn't get his license back." Counsel for the appellant immediately objected and moved for mistrial. Following a hearing outside the jury's presence, the trial court instructed the witness not to mention the matter further, but denied the motion. The trial court, however, neither ordered the previous testimony stricken nor instructed the jury to disregard it or otherwise limit its scope.

Even assuming that the testimony at issue shows the appellant's commission of another crime, its admission was not reversible error. "Testimony about the circumstances of an accused's arrest is admissible even though it may incidentally show the commission of another crime. [Cits.]" *McFadden v. State*, 171 Ga. App. 447, 448 (319 SE2d 878) (1984). See also *Lucas v. State*, 174 Ga. App. 580 (330 SE2d 792) (1985). The officer's testimony in this case did exactly that, relate the circumstances of the appellant's arrest. It thus was admissible even without curative action by the trial court.

3. We have reviewed the appellant's remaining enumerations of error and find no harmful or reversible error.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED FEBRUARY 5, 1986.

*Glyndon C. Pruitt, Walter M. Britt*, for appellant.

*Thomas C. Lawler III, District Attorney, Alex G. Smith, Assistant District Attorney*, for appellee.