### 75252. GUEST v. THE STATE.
(367 SE2d 105)

McMurray, Presiding Judge.

Defendant was indicted for the offense of aggravated assault. The evidence adduced at trial, construed most favorably to support the verdict, was as follows: On July 6, 1986, defendant was an inmate at the Georgia Industrial Institute, a correctional facility of the Georgia Department of Corrections. At approximately 9:30 that evening a violent disturbance broke out among the inmates in the dormitory where defendant resided. During the uprising, defendant stabbed Leslie Jerome Mitchell (the victim) in the right jaw, neck and shoulder with a "philips head screwdriver." From this and other evidence adduced at trial, defendant was found guilty and this appeal followed. *Held*:

1. In his first enumeration of error, defendant contends "[t]he trial court erred by refusing to hear [his] Challenge to the Array of the Jury, and denying the motion that a new jury be impanelled."

Defendant filed a written motion challenging the array of the traverse jury prior to voir dire. In his motion, defendant alleged that "of seventy-two jurors empaneled to try cases at this setting of the Habersham Superior Court only one is black, or 1.2% of the entire panel [and that the] array of traverse jurors put upon [him] does not represent a fair cross-section of the community of Habersham County, Georgia and thus denies [his] rights under the Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States." The trial court held that this motion was untimely filed and did not conduct a hearing to determine the merits of defendant's motion, although the court did state "[a]ssuming all of these facts are true, I'm going to overrule your motion."

"Under Georgia law, a criminal defendant must raise a challenge to the jury array at or before the time the jury panel is first 'put upon' him (unless he has been prevented from doing so); if he does not object at that time, he waives his right to raise such a claim later at trial or on direct appeal. *Holsey v. State*, 235 Ga. 270, 219 SE2d 374, 376 (1975); *Young v. State*, 232 Ga. 285, 206 SE2d 439, 442 (1974); *Cobb v. State*, 218 Ga. 10, 126 SE2d 231, 239 (1962), *cert. denied*, 371 U. S. 948, 83 S.Ct. 499, 9 LE2d 497 (1963). Most prior Georgia cases applying this rule involve defendants who waited until after trial to challenge the jury array. Georgia statutes and case law indicate, however, that a jury is 'put upon' a defendant at the time that the jury array is seated and *voir dire* commences.

"The applicable sections of the Georgia Code provide that: . . .

The clerk shall make out three lists of each panel and shall furnish one to the prosecuting counsel and one to the counsel for the defense. The clerk shall then call over the panel and it shall immediately be put upon the accused. "OCGA § 15-12-161 (formerly Ga. Code § 59-802); and that: The accused may, in writing, challenge the array for any cause going to show that it was not fairly or properly impaneled or ought not be put upon him. The court shall determine the sufficiency of the challenge at once. If sustained, a new panel shall be ordered; if not sustained, the selection of jurors shall proceed. OCGA § 15-12-162 (formerly Ga. Code § 59-803). This has long been the law in Georgia. See *Whitworth v. State*, 155 Ga. 395, 117 SE 450 (1923); *Felker v. Johnson*, 53 Ga. App. 390, 186 SE 144 (1936).

"More recently, the Georgia Supreme Court held that a claim by a state habeas corpus petitioner that his jury was improperly drawn 'should have been, but was not, raised by a timely challenge to the array before the jurors were put upon him and his failure to do so amounts in law to a forfeiture of that right.' *Buxton v. Brown*, 222 Ga. 564, 150 SE2d 636, 637 (1966). The court in *Buxton* cited in support of its holding one of its earlier decisions in which the court stated that an objection to the traverse jury array in a criminal case 'must be raised by a challenge to the array at the earliest opportunity the defendant has to avail himself of that right.' *Cobb v. State*, 126 SE2d at 239. These cases indicate to us that, in order to avoid waiving any right to challenge the composition of a traverse jury on appeal, a defendant must raise such a challenge prior to the commencement of *voir dire*." *Spencer v. Kemp*, 781 F2d 1458, 1463-1464 (11th Cir. 1986).

In the case sub judice, since defendant's written motion challenging the jury array was raised at trial prior to voir dire, the trial court was obligated under the authority cited in *Spencer v. Kemp*, supra, to conduct a hearing to determine the validity of defendant's claim. Consequently, this case must be remanded to the trial court for a hearing and for appropriate findings concerning only the issue raised by defendant's challenge to the array. Should further review of the issue raised by defendant's challenge to the array be necessary, the appropriate appellate procedure shall be followed for such review.

2. In his second enumeration of error, defendant contends the trial court erred in "refusing to allow [him] to develop evidence regarding previous incidents of violence by the victim and a group of inmates from Atlanta and by ruling that the correctional officer's log book was inadmissable [sic]." Defendant argues that this evidence was relevant to his defense of "justification and self-defense" as it displayed "the setting in which the alleged crime took place."

Although defendant has failed to refer to any page or pages in the trial transcript to support his enumeration of error, we have ex-

amined the entire trial transcript and find that the trial court sustained the State's objections to defendant's questions regarding past incidents of violence at the prison in general, past incidents of violence between the victim and third persons and incidents of violence at the prison contained in a log book maintained by officers at the correctional facility.

Contrary to defendant's assertions, we find evidence of violence at the prison in general, whether admitted through the "correctional officer's log book" or by direct testimony, irrelevant to defendant's stated defense of "justification and self-defense." Further, assuming "the victim's general character for similar violent acts was properly at issue, evidence of prior specific acts of violence by the victim against third parties is not admissible proof of such." *McFadden v. State*, 171 Ga. App. 447, 448 (2) (319 SE2d 878), and cits. This enumeration of error is without merit.

*Judgment affirmed and case remanded for a hearing as directed in Division 1. Sognier and Beasley, JJ., concur.*

DECIDED MARCH 11, 1988.

*Ronald M. Adams*, for appellant.

*Michael H. Crawford, District Attorney, Leonard Geldon, Assistant District Attorney*, for appellee.