A92A1713. MOULDER v. THE STATE.
(427 SE2d 793)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of armed robbery. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. At trial, the victim identified appellant as one of the two men who had robbed her at gunpoint. The State also adduced circumstan-

tial evidence of appellant's identity as one of the perpetrators. It follows that appellant's enumeration of the general grounds is without merit. The evidence was sufficient to authorize any rational trior of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Relying upon the original transcript, appellant enumerates the trial court's charge on circumstantial evidence as error. Pursuant to the trial court's directive, however, a corrected transcript has been filed. See *Cagle v. Atchley*, 127 Ga. App. 668, 670 (1) (194 SE2d 598) (1972). As corrected, the transcript shows that the trial court's charge on circumstantial evidence is not an erroneous statement of the law. Accordingly, this enumeration of error is without merit.

3. Appellant moved to suppress evidence which was found in a post-arrest inventory of his automobile. The denial of this motion is enumerated as error.

At the time of his arrest, appellant was living on leased premises in a remote location in the mountains. The mere fact that appellant's automobile was parked on the leased premises would not demand the grant of the motion to suppress and, considering the testimony as to remoteness of the area and the absence of any safeguards, the trial court was clearly authorized to find that " '[t]he officers' action in immediately taking custody of the car [was] the prudent thing to do.' [Cit.]" *Mooney v. State*, 243 Ga. 373, 376 (1) (254 SE2d 337) (1979). Moreover, after the arrest, appellant's lessor had expressed his desire to have the vehicle removed from the premises and, in fact, actually assisted in its removal. "Considering the circumstances of appellant's arrest, [the lessor's] request to the police to remove the car and the police department's policy regarding the removal of property for safekeeping, ' "the trial court's finding that the impoundment of (appellant's) car was lawful is supported by the evidence and will not be disturbed on appeal." (Cits.)' [Cit.]" *Fitzgerald v. State*, 201 Ga. App. 361, 364 (3) (411 SE2d 102) (1991).

4. Appellant enumerates as error the admission into evidence of a "mugshot" which had been taken of him in 1982, some six years prior to his alleged commission of the instant armed robbery.

Appellant's identity as the perpetrator of the offense was at issue. Accordingly, his appearance at the time of the offense was obviously a relevant inquiry. Before admitting the photograph, the trial court heard testimony from a witness who identified it as an accurate depiction of appellant's appearance at the time of the armed robbery, with the exception that appellant's hair "may not have been quite that long. . . ." See *Bradshaw v. State*, 172 Ga. App. 330 (1) (323 SE2d 253) (1984). Compare *Trammell v. Matthews*, 86 Ga. App. 661, 671 (5) (72 SE2d 132) (1952). The trial court also ordered that the photograph be cropped so that nothing on its face would apprise the jury

that it had been taken in connection with appellant's arrest on an unrelated prior offense. *Flanagan v. State*, 193 Ga. App. 408, 409 (1) (388 SE2d 29) (1989). Accordingly, there was no error in admitting the photograph into evidence.

5. There is no violation of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) where, as here, allegedly exculpatory evidence was disclosed during the trial. *Whatley v. State*, 197 Ga. App. 489, 490 (3) (398 SE2d 807) (1990).

6. Evidence regarding the circumstances of appellant's arrest was admissible, "even though it may incidentally show the commission of another crime. [Cits.]" *McFadden v. State*, 171 Ga. App. 447, 448 (1) (319 SE2d 878) (1984). See also *Denegal v. State*, 193 Ga. App. 238, 239 (2) (387 SE2d 434) (1989); *Fuqua v. State*, 183 Ga. App. 414, 418 (1c) (359 SE2d 165) (1987).

7. The remaining enumeration of error concerns the trial court's exclusion of certain evidence as irrelevant to the issue of appellant's identity as one of the perpetrators. This enumeration has been considered and found to be without merit.

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 29, 1993 —
RECONSIDERATION DENIED FEBRUARY 11, 1993 — ▮▮▮▮▮▮

*William L. Reilly*, for appellant.
*Roger Queen, District Attorney, J. Roger Thompson, Assistant District Attorney*, for appellee.