## A93A1769. ROBINSON v. THE STATE.
### (439 SE2d 104)

McMURRAY, Presiding Judge.

Defendant was convicted of burglary (two counts), criminal trespass (one count), aggravated assault (three counts), simple assault (one count) and false imprisonment (four counts). Following the imposition of sentence and the denial of his motion for a new trial, he appealed. *Held*:

1. Defendant asserts the evidence was insufficient to support the aggravated assault and simple assault convictions because the evidence did not demonstrate that he could have placed the victims in reasonable apprehension of receiving a violent injury. In this regard, defendant points out that he repeatedly assured the victims that he did not intend to harm them. This assertion is wholly without merit. Defendant's assurances notwithstanding, the evidence was more than sufficient to prove that defendant's actions could have placed (and in fact did place) the victims in fear of a violent injury. After all, the

evidence demonstrated that while fleeing the police (who tried to arrest defendant pursuant to arrest warrants) defendant broke into an apartment occupied by the victims; that he carried a knife and herded the victims into a back room; that he was extremely nervous and threatened to harm the victims if the police entered the apartment; and that the victims were scared defendant was going to hurt them. Given these facts, it cannot be said that the victims were not placed in reasonable apprehension of immediately receiving a violent injury. See *McGee v. State*, 165 Ga. App. 423, 425 (3) (299 SE2d 573).

2. At the outset of the trial, the court granted a motion in limine to prohibit the State from alluding to the fact that, following his standoff with the police, defendant agreed to surrender to his parole officer. Thereafter, the prosecutor asked one of the victims why she was chosen to be the first victim to be set free. She replied that she was sick and that "they told him he had to let somebody leave." The prosecutor asked "Who said that?" Thereupon, the victim replied: "The cops from outside, his parole officer." At that point, defendant moved for a mistrial. After some colloquy, the trial court denied the motion. But it instructed the jury that it was going to strike the witness's last answer; and that the jury was to disregard it and not consider it in its deliberations. On appeal, defendant asserts the trial court erred in denying the motion for a mistrial. We disagree.

" 'The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with. (Cits.)' *Stanley v. State*, 250 Ga. 3, 4 (2) (295 SE2d 315). The circumstances of the case sub judice do not reveal an abuse of the trial court's discretion in denying defendant's motion for mistrial. Curative instructions were promptly given. . . ." *Powell v. State*, 201 Ga. App. 188, 189 (2) (410 SE2d 378). Besides, there was other evidence in the case (the fact that the police sought to arrest defendant pursuant to outstanding warrants) that lessened the prejudicial impact of the witness' statement. See *Sabel v. State*, 250 Ga. 640, 644 (5) (300 SE2d 663).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED DECEMBER 10, 1993.

*Antje R. Kingma*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Robert E. Statham III, Assistant District Attorneys*, for appellee.