A94A1196. CALHOUN v. THE STATE.
(444 SE2d 405)

BIRDSONG, Presiding Judge.

Willie Calhoun appeals his conviction of aggravated assault and theft by shoplifting. *Held*:

1. About one week after the averred shoplifting and aggravated assault incident, a tipster alerted the police as to appellant's identity as perpetrator, as to his whereabouts, and as to his attire. A police officer was dispatched to the scene in regard to a suspicious person wearing a blue outfit. Appellant was observed wearing blue and standing outside a convenience-type store. When asked why he was standing by the store, appellant replied he had been barred therefrom for suspected shoplifting; appellant then gave a false name to the officer. The officer left the scene, was informed that appellant had given him the wrong name, and that he was wanted for questioning in regard to an aggravated assault. Within approximately three minutes, the officer returned to the scene for the purpose of arresting appellant for giving a false name and aggravated assault. The officer arrested appellant on a false name charge. See OCGA § 16-10-25.

The trial court did not err in overruling appellant's motion for mistrial based upon the State's alleged injection of appellant's character in evidence by stating in opening argument and subsequently eliciting testimony that appellant gave a false name at the time of arrest. "Evidence regarding the circumstances of appellant's arrest was admissible, 'even though it may incidentally show the commission of another crime.' " *Moulder v. State*, 207 Ga. App. 335, 337 (6) (427 SE2d 793). Evidence of appellant's use of a false name at the time of arrest was admissible (*McFadden v. State*, 171 Ga. App. 447, 448 (1) (319 SE2d 878)); the trial court did not err in denying appellant's motions for mistrial. Additionally, the ultimate arrest of appellant was inextricably linked to the initial report of the tipster identifying appellant as the perpetrator of the offenses at issue and giving appellant's attire and general location.

2. During cross-examination, a State witness gave a non-responsive answer to the question whether appellant threw a brick at anyone confronting him; the witness testified, without objection, that "if anybody had walked up there on him, he would have." " '[A]ll evidence is admitted as a matter of course unless a valid . . . objection is [timely] interposed.' " *Hite v. State*, 208 Ga. App. 267, 269 (1) (430 SE2d 125). Approximately two questions later, when appellant's counsel asked what appellant did with the brick, the witness testified, "well . . .

since nobody didn't come . . . up there on him, he just put the brick down." At this point, appellant's counsel requested that the witness be "admonished" not to give an opinion as to the mental state of someone else. In a following colloquy, appellant attempted to clarify that he was posing an objection to opinion testimony regarding what someone else thought or might have done. The trial court did not expressly rule on appellant's restated objection, but did deny it by implication. At no time did appellant belatedly object to or move to strike the earlier elicited, albeit non-responsive, opinion testimony that appellant "would have" thrown the brick had anyone walked up on him. Assuming error occurred (compare *Lester v. State*, 75 Ga. App. 42, 59 (8) (42 SE2d 141)), it was rendered harmless by the previously admitted evidence that appellant would have thrown the brick if anyone had walked up on him; the opinion testimony at issue is merely cumulative of testimony already in evidence. See *Platt v. Nat. Gen. Ins. Co.*, 205 Ga. App. 705, 710 (1) (423 SE2d 387). Additionally, as appellant's own trial procedure and conduct aided in causing the trial court's ruling, he cannot obtain relief therefrom on appeal. See *Williams v. State*, 205 Ga. App. 445, 446 (2) (422 SE2d 309).

3. The State, over timely objection, argued that the jury did not know whether appellant would steal again if turned loose. This type of argument invites the jury to make predictions as to the consequences of its verdict when determining appellant's guilt or innocence, and tends to inject indirectly sentencing issues before the jury. Compare *Walker v. State*, 254 Ga. 149, 158 (14) (327 SE2d 475) (dictum).

Examination of the isolated portion of the argument reported in the trial record reflects that at most it might tend to cause the jury to convict appellant for shoplifting to ensure that he would not "steal" again. We are satisfied beyond a reasonable doubt (see *Palmer v. State*, 186 Ga. App. 892, 897 (3) (369 SE2d 38)) that any error flowing from the State's argument to the jury did not impact on the verdict of guilty of aggravated assault. Therefore, in view of the disposition hereinafter taken as to the shoplifting conviction, any error flowing from the argument of the State would be harmless.

4. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) establishes the proper test for an appellate court to employ when sufficiency of the evidence is challenged by means of a motion for new trial which is denied. *Daras v. State*, 201 Ga. App. 512 (1) (411 SE2d 367).

(a) Applying the test of *Jackson v. Virginia*, we find that the evidence is not sufficient to sustain appellant's conviction of shoplifting. " 'Hearsay evidence is without probative value and will not establish fact in issue even in the absence of a timely objection.' " *Feagin v. State*, 198 Ga. App. 460, 461 (1) (402 SE2d 80). The State attempted

to establish by hearsay evidence that appellant took snuff from the store without paying for it. Although various store personnel testified, these were persons who merely had been told an act of shoplifting had occurred and who, as a result, followed appellant. The bare fact that appellant subsequently threw snuff on the ground does not establish that he had shoplifted it, especially when appellant was confronted by several persons demanding that he give back store merchandise. Nor did the State introduce any form of store business record to establish that the snuff had not been purchased. The affirmative response of the witness, Fletcher, to the leading question, "and again, it's your testimony that your products were in his hands," did not establish a theft occurred; at most, a reasonable inference could be drawn that the snuff had come from the store. Moreover, Fletcher testified that "when I was inside the store, we had a shoplifter so when I *came up toward the front*, [appellant] ran outside and then so a group of the employees went outside, too . . . about two or three of them in front of me . . . and then [appellant] reached down in his pants and busted two things of C.C. snuff." (Emphasis supplied.) In response to a question whether the employees were able to recover the snuff, Fletcher testified, "no, sir, because the manager said the only thing he needed was just the UPC label where he can get the charge for . . . the snuff." This testimony and that of other employees failed to establish by competent evidence of record that appellant actually took snuff without paying for it; the State concedes in its brief that "the record is not clear as to exactly who initially saw appellant commit the shoplifting by taking the two cans of snuff off the shelf." However, the record is clear that none of the witnesses called by the State testified that appellant did not pay for the items before he departed the store. The evidence in this case is not sufficient to sustain appellant's conviction for shoplifting either under OCGA § 24-4-6 or the test of *Jackson v. Virginia*, supra.

(b) In support of his enumeration of error of insufficiency of the evidence of aggravated assault, appellant in essence argues that a fatal variance exists between the allegata and the probata; the indictment alleges the aggravated assault was committed in one manner and the proof establishes it was committed in another. This specific error is not reasonably contained within appellant's enumeration of error before this court; thus, it is not preserved on appeal. *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649). Further, applying the test of *Battles v. State*, 262 Ga. 415, 417 (5) (420 SE2d 303), the variance, as alleged, would not be fatal.

(c) Although there is no testimony that appellant slashed at the victim, White, with a knife, there exists competent evidence of record that appellant pulled out the knife and started threatening everybody; he swung, waved and/or flashed the knife around and told all of

the employees "to come on"; White was still "kind of close" when appellant pulled the knife out and backed up; to ensure he was not going to be cut, White left when he realized appellant, who was not going to release the knife, "was going to cut somebody if they grabbed him." On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of aggravated assault. *Jackson v. Virginia*, supra. Compare *Robinson v. State*, 211 Ga. App. 331 (439 SE2d 104); *Curtis v. State*, 190 Ga. App. 173 (1) (378 SE2d 516).

5. Appellant asserts the trial court erred in failing to give his request to charge number one. A verbatim copy of this charge request does not appear in the record; neither was the request recited verbatim during appellant's exceptions to the charge. At best, the transcript reveals the general nature of the charge request. The trial court does not err in refusing to give a charge if any portion thereof is inapt, incorrect, confusing, misleading, or not authorized by the evidence. *Jones v. State*, 200 Ga. App. 519, 521 (2c) (408 SE2d 823). To determine whether the trial court erred in denying the charge request, we would have to examine the actual request tendered to the trial court. *Hunnicutt v. Hunnicutt*, 182 Ga. App. 578, 579 (356 SE2d 679); *Brown v. State*, 146 Ga. App. 286 (2) (246 SE2d 370). Further, examination of the charge given in its totality reveals the jury was instructed adequately as to the elements of the offense of aggravated assault.

Consistent with the determinations above reached, appellant's conviction for shoplifting must be reversed and the case remanded for resentencing. The judgment of conviction of aggravated assault is affirmed.

*Judgment affirmed in part, reversed in part, and remanded with direction. Cooper and Blackburn, JJ., concur.*

DECIDED MAY 27, 1994.

*John L. Tracy*, for appellant.
*Britt R. Priddy*, District Attorney, *Gregory W. Edwards*, Assistant District Attorney, for appellee.