## A03A0352. BARNETT v. THE STATE.
### (576 SE2d 923)

JOHNSON, Presiding Judge.

James Barnett and co-defendants were convicted of conspiracy to sell cocaine and trafficking in cocaine. Barnett appeals, arguing that the trial court erred in denying his oral motion to quash the indictment because it did not contain the names of the grand jurors and in denying his motion to suppress evidence discovered pursuant to an invalid court order authorizing the state's use of pen registers during its investigation of the crimes. The arguments are without merit, and we therefore affirm Barnett's convictions.

1. Objecting to an indictment for failing to list the names of the grand jurors is an objection only to the form, not the substance, of the indictment.[1] In order to challenge the form of an indictment, the accused must file a written demurrer to, or motion to quash, the indictment before pleading to its merits.[2] The accused waives all exceptions to the mere form of the indictment by failing to urge them in a timely written demurrer or motion to quash.[3]

In the instant case, Barnett did not file a written motion to quash the indictment on the ground that it failed to include the grand jurors' names before pleading to the merits of the indictment. Rather, on the day his trial started, he joined his co-defendants in an oral motion to quash the indictment on that ground. By failing to file a written motion to quash the indictment before pleading to its merits, Barnett waived his objection to the form of the indictment. The trial court thus did not err in denying the untimely oral motion.

---

[1] *Hopper v. Kemp*, 236 Ga. 615-616 (225 SE2d 15) (1976).
[2] *Ross v. State*, 235 Ga. App. 7, 8 (508 SE2d 424) (1998).
[3] *Bentley v. State*, 210 Ga. App. 862 (1) (438 SE2d 110) (1993).

2. Barnett claims that a court order allowing the state to use pen registers for a 60-day period during its investigation was improper because under OCGA § 16-11-64 (b) such an investigative warrant was valid for only 20 days. Thus, Barnett reasons, the trial court should have suppressed all evidence discovered as a result of the improper pen register order. The claim is without merit.

We first note that the pen register order that Barnett complains of does not appear to be in the record before us. In his brief, Barnett has not cited any part of the record containing the order. Instead, he has cited only a page of the trial transcript at which an attorney mentions an order during his argument to the trial judge. And even though it is not incumbent upon us to search the record on Barnett's behalf, we have nevertheless reviewed the entire record and have not discovered a pen register order. Without a copy of the order, there is no way for us to determine the entire content of the order and whether it is improper.[4] It is the appellant's obligation to provide the record substantiating his claim, and absent such a record we must affirm.[5]

Moreover, even if we assume for the sake of argument that there was a pen register order as described by Barnett, it would not have been invalid under OCGA § 16-11-64 (b).[6] That Code section, governing the issuance of warrants for the interception of wire or oral transmissions by law enforcement officers, applied only to devices as defined by OCGA § 16-11-60.[7] And the definition of the term "device" set forth in OCGA § 16-11-60 expressly excluded pen registers. " 'Device' means an instrument or apparatus used for overhearing, recording, intercepting, or transmitting sounds . . . *and not including a 'pen register'* or 'trap and trace device' as defined in this Code section."[8] A pen register was then defined as an instrument which records or decodes electronic or other impulses identifying numbers dialed on a telephone line.[9]

Because pen registers were not among the devices governed by OCGA § 16-11-64, the 20-day limit for investigative warrants issued under that Code section would not have applied to the 60-day pen

---

[4] See *Johns v. State*, 253 Ga. App. 207, 208 (2) (558 SE2d 426) (2002) (videotape not part of record so appellate court could not determine its content or harm).

[5] *Smith v. Nasserazad,* 239 Ga. App. 689, 690 (522 SE2d 60) (1999) (without order that is subject of appeal, lower court ruling affirmed).

[6] In 2002, OCGA § 16-11-64 (b) was rewritten and no longer includes the 20-day limit for investigation warrants issued under this Code section. But since the time limit was in place when the warrant here was supposedly issued, in 1998, we shall consider Barnett's claim under the former version of the Code.

[7] OCGA § 16-11-60 has also been amended, but we shall review Barnett's claim under the version of the Code that was in place in 1998.

[8] (Emphasis supplied.) OCGA § 16-11-60 (1).

[9] OCGA § 16-11-60 (2).

register order described by Barnett. Rather, such a pen register order would have been governed by OCGA § 16-11-64.1, which contains no time limitation. The trial court therefore correctly denied Barnett's motion to suppress premised on an alleged violation of an inapplicable Code section.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED FEBRUARY 5, 2003.

*Hugh O. Morris, Jr.*, for appellant.
*Kenneth B. Hodges III, District Attorney, Sadhana Pandey, Assistant District Attorney*, for appellee.