## A10A1173. MACBETH v. THE STATE.

(696 SE2d 435)

BLACKBURN, Judge.

Joseph MacBeth was charged by accusation in the State Court of Henry County with driving under the influence of alcohol to the extent that it was less safe for him to drive (OCGA § 40-6-391 (a) (1)). He appeals the denial of his motion challenging the traverse jury list, arguing that the trial court erred in ruling that it lacked jurisdiction over such a challenge. For the reasons set forth below, we reverse the trial court's ruling that it lacked jurisdiction over MacBeth's challenge to the traverse jury list and remand the case for further action consistent with this opinion.

Whether a trial court lacked subject matter jurisdiction is an issue of law that we review de novo for plain legal error. *Goddard v. City of Albany*.[1] So viewed, the record shows that on June 23, 2009, MacBeth was charged by accusation in the State Court of Henry County with one count of driving under the influence of alcohol to the extent that it was less safe for him to drive. Shortly after being charged, MacBeth filed a motion to challenge the traverse jury list pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section I, Paragraph I of the Georgia Constitution, and OCGA § 15-12-40 et seq. Specifically, MacBeth argued that African-Americans were underrepresented in the Henry County jury list, and therefore, the list did not represent a fair cross-section of the community as required by the Sixth and Fourteenth Amendments to the United States Constitution. See *Duren v. Missouri*.[2] He further requested that the court order the Henry County Jury Commission to reconstitute the jury list so that it would represent a fair cross-section of the community.

The trial court scheduled a hearing on the matter, and in preparation for that hearing, MacBeth subpoenaed four members of the Henry County Jury Commission. In addition, MacBeth moved the court to take judicial notice of census information pertaining to Henry County. At the hearing, the State argued that MacBeth was seeking an equitable remedy, and therefore the trial court lacked jurisdiction over the matter. The court agreed and issued an order denying MacBeth's motion, finding that, as a state court, it lacked jurisdiction because MacBeth "was essentially seeking a writ of mandamus as he sought an order from this Court ordering the Jury Commissioners to repopulate the current jury list for Henry County." See Ga. Const. of 1983, Art. VI, Sec. I, Par. IV ("only the

[1] *Goddard v. City of Albany*, 285 Ga. 882, 883 (1) (684 SE2d 635) (2009).
[2] *Duren v. Missouri*, 439 U. S. 357, 364 (II) (99 SC 664, 58 LE2d 579) (1979).

superior and appellate courts shall have the power to issue process in the nature of mandamus").

Thereafter, MacBeth sought a certificate for immediate review, which the trial court granted. He then filed an application for interlocutory appeal in this Court. Believing that MacBeth was seeking mandamus relief, we transferred MacBeth's application to the Supreme Court of Georgia. However, the Supreme Court of Georgia transferred the case back to this Court, holding that:

> It appearing that the above-styled case does not involve a mandamus action brought against a public officer, and instead involves only the denial of a motion in a criminal case, this Court's mandamus jurisdiction is not invoked, and the case therefore must be, and hereby is, returned to the Court of Appeals.

Subsequently, we granted MacBeth's application for interlocutory review, and this appeal followed.

In his sole enumeration of error, MacBeth contends that the trial court erred in denying his motion to challenge the traverse jury list by finding that MacBeth was seeking a writ of mandamus over which it lacked jurisdiction. We agree.

"Under the 'law of the case' rule, 'any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be.'" *Langlands v. State*.[3] See OCGA § 9-11-60 (h). "The 'law of the case' doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases." (Punctuation omitted.) Id. In addition, our Supreme Court's "unreported nonprecedential decisions are still binding on the parties, for they establish the law of the case as provided by OCGA § 9-11-60 (h)." (Punctuation omitted.) *Rooney v. State*.[4]

Here, in its order transferring MacBeth's appeal back to this Court, the Supreme Court of Georgia held that this matter "does not involve a mandamus action brought against a public officer, and instead involves only the denial of a motion in a criminal case." This transfer order established the rule of the case, and thus the trial court erred in finding that MacBeth's challenge to the traverse jury list constituted a petition for a writ of mandamus. See *Rooney*, supra, 287 Ga. at 2 (2). Moreover, the trial court's ruling that it lacked jurisdiction to hear MacBeth's challenge is further belied by the

---

[3] *Langlands v. State*, 282 Ga. 103, 104 (2) (646 SE2d 253) (2007).
[4] *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010).

examples in Georgia case law, in which courts of limited jurisdiction have, in fact, heard similar challenges to jury arrays. See generally *Ricks v. State*[5] (defendant challenged traverse jury list in a misdemeanor case brought against him in the City Court of Colquitt County); *Kitchens v. State*[6] (same); *Watson v. State*[7] (defendant challenged traverse jury list in a case brought against her in Clayton County State Court).

Furthermore, the State's argument that the trial court's ruling should be affirmed because MacBeth's seeking of a writ of mandamus to challenge the traverse jury list is premature or has not ripened is without merit. First, as previously noted, the Supreme Court of Georgia has held that MacBeth's challenge to the jury list did not constitute a petition for a writ of mandamus. Second, "in the absence of a timely trial court directive to the contrary, a challenge to the traverse jury array is timely filed *any time* before the voir dire begins." (Emphasis supplied.) *Isaacs v. State*.[8] See *Guest v. State*.[9] Accordingly, we reverse the trial court's order denying MacBeth's challenge to the traverse jury list and remand this case for further action consistent with this opinion.

*Judgment reversed and case remanded. Barnes, P. J., and Bernes, J., concur.*

DECIDED JUNE 17, 2010.

*Abbott & Cone, David C. Abbott*, for appellant.
*Charles A. Spahos, Solicitor-General, Brian M. Johnston, Assistant Solicitor-General*, for appellee.

[5] *Ricks v. State*, 221 Ga. 837, 838 (2) (147 SE2d 431) (1966).
[6] *Kitchens v. State*, 221 Ga. 839, 839 (1) (147 SE2d 509) (1966).
[7] *Watson v. State*, 261 Ga. App. 562, 565-566 (3) (583 SE2d 228) (2003).
[8] *Isaacs v. State*, 259 Ga. 717, 721 (3) (a) (386 SE2d 316) (1989).
[9] *Guest v. State*, 186 Ga. App. 318 (1) (367 SE2d 105) (1988).